WORTHINGTON MEIXELL V. S. S. KIRKPATRICK, *et al.*

JUDGMENT, *When not to be Enjoined.* Where a separate judgment is rendered against each of two joint wrong-doers, neither judgment can be perpetually enjoined while both remain in force and unsatisfied, although one of such judgments has been assigned by the holder thereof to a third person.

### Error from Labette District Court.

ACTION brought by *Meixell* against *Kirkpatrick,* and the sheriff of Labette county, to perpetually enjoin the enforcement of a certain judgment. The nature of this action, and the facts, appear in the subjoined opinion and in the case of *Meixell v. Kirkpatrick,* just reported. Trial at the November Term, 1879, of the district court, and judgment for the defendants. *Meixell* brings the case to this court.

*A. H. Ayres,* for plaintiff in error.

*Hutchings & Denison,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Worthington Meixell against S. S. Kirkpatrick and another, in the district court of Labette county, to perpetually enjoin the enforcement of a certain judgment rendered in the district court of Wilson county. This judgment is the replevin judgment mentioned in the case just decided, of *Meixell v. Kirkpatrick.* The principal facts alleged in the plaintiff's petition in this case are substantially as follows: Kirkpatrick commenced an action in the district court of Wilson county against Worthington Meixell and Angell Matthewson, charging them as joint wrong-doers in obtaining and converting eight municipal bonds belonging to Kirkpatrick. Various proceedings were had in the case, resulting finally in the rendition of separate judgments against Meixell and Matthewson. The judgment against Meixell was in replevin for a recovery of the bonds or their value. The judgment

against Matthewson was in trover, for the damages sustained by reason of the conversion of the bonds, including the value of the bonds. Afterward Kirkpatrick, for value received, transferred and assigned his said judgment against Matthewson to Cornelia W. Matthewson, the wife of the judgment debtor. And Kirkpatrick is now about to enforce, in Labette county, by an execution issued from the district court of Wilson county, his judgment rendered against Meixell in Wilson county. The defendant answered to this petition, and the plaintiff demurred to the answer, and the court below sustained the demurrer as against the petition, holding that the petition did not state facts sufficient to constitute a cause of action; and from this ruling and holding of the court below, Meixell now appeals to this court.

We do not think that the court below erred. Meixell has not satisfied either of said judgments, nor has either of them been satisfied by any other person. Both judgments are still in full force and unsatisfied; the judgment against Meixell being held and owned by Kirkpatrick himself, and the one against Matthewson being held and owned by Kirkpatrick's assignee, Mrs. Matthewson. Kirkpatrick, or his assignee, is certainly entitled to one satisfaction or to one compensation for the bonds upon which the judgments were rendered, and until such satisfaction or compensation is rendered, neither judgment can properly be enjoined. When Meixell or Matthewson satisfies one of said judgments, there will then be time enough to enjoin the other. We have thus far not taken into consideration the defendant's answer in this case; and, for the purposes of deciding the case, we do not think that we need to do so. We do not think that the answer cured the defects of the petition. It must be remembered that neither Mrs. Mathewson nor Angell Matthewson is a party to this suit, and therefore their rights cannot be adjudicated or determined in this action. Whether the compensation for said bonds should go to Kirkpatrick, or to his assignee, Mrs. Matthewson, cannot be determined in this case, as Mrs. Matthewson is not a party to this suit. If both judgments were

allowed· to stand, and if Meixell were ready and willing to satisfy the judgment against him, then the matter would possibly be a proper subject for interpleader. But Meixell has never been ready or willing to satisfy the judgment against him; and by the decision of this court in the case in which such judgment was rendered, the judgment is to stand conditionally vacated until a trial can be had upon the merits of the action, and what shall then become of the judgment depends entirely upon the result of that trial.

The judgment of the court below in this case will· be affirmed.

All the Justices concurring.