Hines v. Kays.

No. 18,608.

H. B. HINES, *Appellee*, v. JOHN O. KAYS et al., *Appellants*.

SYLLABUS BY THE COURT.

MORTGAGE — *Foreclosure — Cross-petition — Validity of Second Lien Should Have Been Determined*. In a foreclosure action the holder of a subsequent lien, who is made a defendant, is entitled to have its validity determined before the property is sold.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed November 14, 1914. Affirmed in part and reversed in part.

*F. W. Casner*, of Kansas City, Mo., for the appellants.

*W. H. L. Watts*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MASON, J.: H. B. Hines brought an action to foreclose a real-estate mortgage. F. W. Casner was made a defendant under the allegation that he claimed an interest in the property, which in fact was subject to that of the plaintiff. Casner filed an answer consisting of a general denial and a cross-petition setting up a subsequent mortgage, which he asked to have foreclosed. The cross-petition was stricken out on motion of the

14—93 KAN.

plaintiff. Judgment was rendered foreclosing the first mortgage, on which the property was sold. Casner appeals, and among other rulings complains of that striking out his cross-petition.

No sufficient reason appears for striking out Casner's cross-petition. He was entitled to have his claim adjudicated in this action. (27 Cyc. 1605.) The right to have his interest determined before the property was sold was a substantial one, the denial of which was prejudicial. The plaintiff contends that the mortgage to Casner was extinguished by a later warranty deed. The evidence regarding this was taken upon a motion to confirm the sale. Casner testified that he held the mortgage and deed in different capacities. He was entitled to have this question tried out upon issues made by the pleadings in the case. Because this right was denied him the sale will be set aside and the judgment modified so far as to allow the issue as to Casner's lien to be made up and tried out. In the cross-petition Casner asked to have new parties brought in merely that he might have personal judgment against them. To have refused this, while allowing the cross-petition to stand, would not have been error.

The defendant complains of a number of other rulings, some of which require brief mention. A demurrer to the amended petition was properly overruled, notwithstanding some generality in its statement. No copy of the note was attached to the petition, but one was forwarded to the clerk a few days later, and was by him placed among the files of the case. This made it in effect a part of the petition. The defendant maintains that he was not given a reasonable opportunity to present his evidence upon the issues raised by the general denial. So far as the validity of the plaintiff's mortgage is concerned there is no suggestion of an occasion for any evidence. The plaintiff was the mortgagee and the execution of the note and mortgage was not denied; nor was any defense to it offered by pleading or otherwise. The petition alleged that the mort-

gage was given for a part of the purchase price, less than one-third of which had been paid. No evidence was offered in support of this prior to the judgment, but on the motion to confirm the sale evidence was given which doubtless justified such a finding, and nothing is suggested to the contrary. The existence of that fact justifies limiting the period of redemption to six months. (Civ. Code, § 503.) The judgment is complained of as not being sufficiently definite in its terms. It did not recite the history of the transaction out of which it grew as fully as is sometimes done, but .it included everything essential to a decree of foreclosure.

The judgment is affirmed so far as it decrees the foreclosure of the plaintiff's mortgage, but the cause is remanded in order that the question of Casner's lien may be determined.