Ruf v. Grimes.

No. 21.430.

MATTIE RUF, *Appellee*, v. E. W. GRIMES, *et al.* (FRANK H. SMITH and DORA E. SMITH, *Appellants*.)

### SYLLABUS BY THE COURT.

1. MORTGAGE FORECLOSURE—*Issues Joined between Inferior Lien Holders —Judgment in rem—Amount Required to Redeem.* It is not error to give the holder of a lien on real property a judgment for a sum of money against an inferior claimant to the property who may not be personally liable for that sum, when it clearly appears that the money judgment is entered merely for the purpose of determining the extent of the lien and to ascertain the amount which the inferior claimant must pay if he wishes to redeem the property therefrom.

2. SAME—*Foreclosure in Lieu of Decree to Quiet Title.* A defendant against whom a judgment quieting title is sought, has no just complaint that such judgment against him was denied and that only a judgment of foreclosure giving defendant six months to redeem was entered against him in lieu of the judgment prayed for.

3. SAME—*Judgment Within the Issues.* The pleadings and exhibits and the evidence considered, and held that the judgment entered was within the scope of the issues and justified by the evidence.

4. SAME—*Default in Purchase Price of Lots—Period of Redemption.* One who has paid less than one-third of the purchase price which he agreed to pay for real property is only entitled to six months' redemption where his interest has properly been subjected to foreclosure.

5. SAME—*All Persons Claiming Interest in Mortgaged Property Proper Parties Defendant.* When it is necessary for the holder of a superior mortgage lien to foreclose that lien, he may properly sue everybody concerned, including those who have inferior interests which conflict with each other, whether they conflict with his interest or not, and the latter may be permitted to join issues with each other, although the superior lien holder is not concerned therein, and the court may settle the priority and precedence of the claims of all the parties and dispose of all phases of the controversy in one decree.

Appeal from Cowley district court: OLIVER P. FULLER, judge. Opinion filed March 8, 1919. Affirmed.

*C. T. Atkinson,* of Arkansas City, *J. A. McDermott,* and *Harold W. Herrick,* both of Winfield, for the appellants.

*W. L. Cunningham,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a promissory note, and for the foreclosure of a mortgage on some town lots in Arkansas City.

Prior to April 7, 1910, certain persons of the name of Scruton owned the town lots. On that date they entered into a contract with Susan C. Grimes to sell them to the latter for $1,250, upon small monthly payments. These payments were made with substantial regularity until November 15, 1914, when Susan C. Grimes and her husband assigned an interest in the Scruton contract to Frank Smith. The latter was to make the payments as they matured until the Scruton contract was satisfied. The original Scruton contract contained provisions of forfeiture for default, and the Grimes-Smith contract of assignment contained in effect a similar provision.

On February 1, 1915, for the purpose of extinguishing the Scrutons' interest, Susan C. Grimes and her husband, E. W. Grimes, with the knowledge and approval of Smith, borrowed $500 from the plaintiff, and paid the same to the Scrutons, taking their deed in the name of E. W. Grimes, he and Susan at the same time executing to plaintiff a mortgage on the town lots to secure the loan of $500.

Later, E. W. Grimes became a bankrupt, and one Pattison, at a trustee's sale, acquired the interest of Grimes in these town lots. Pattison was made a party defendant in this foreclosure action. He filed a cross petition against Grimes and wife and Smith and wife, alleging default and forfeiture of their interests, and to quiet title to the town lots in himself. To this last petition Smith and wife filed answer, and alleged that they had occupied the property as a homestead since November 15, 1914, and that they had expended about $500 thereon for taxes, repairs, and permanent improvements.

A jury was waived. The trial court found that the Grimes' mortgage had been made in favor of plaintiff with the Smiths' consent, and that Grimes had obtained an equity in the property (the equity of the Scrutons) subject to plaintiff's mortgage; that by the terms of the contract assigned to Smith, he was to pay the taxes and keep the property insured, and that in case of his default his monthly payments should be considered as liquidated damages and as rent for the use and occupancy of the premises; that Pattison was the owner of the Grimes' equity by virtue of the trustee's sale, subject to the plaintiff's mortgage; and that Pattison's equity or lien was for $285.37. The court decreed foreclosure and sale of the property to satisfy (1) costs and taxes, (2) payment of plaintiff's mortgage, (3) payment of Pattison's claim, and (4) payment of the residue into court.

Pattison bought the property at sheriff's sale. On confirmation, the court fixed the period of redemption under plaintiff's judgment at the usual eighteen months, and at six months under Pattison's judgment. At the expiration of six months Pattison, upon giving bond, was granted a writ of assistance, and the Smiths were ousted from possession. The Smiths appeal.

Appellants first contend that the court erred in rendering a money judgment in favor of Pattison. Pattison's equitable claim or lien was founded on the interest of Grimes, which Pattison had acquired at the trustee's sale in bankruptcy. The measure and extent of this interest could only be calculated in monetary terms. The court correctly determined this monetary measurement at the sum of $287.37. The court's decree

did not fix a personal liability on the appellants further than to subject their interest in the property to the satisfaction of Pattison's claim. It was only a judgment *in rem.*

But it is said that the judgment was not within the scope of the pleadings. The Scruton contract was in the pleadings; the subcontract between Grimes and appellants was in the pleadings; the facts were in evidence; and in such a situation the pleader's notion of the proper redress due him is not of much importance. (*Eagen v. Murray,* 102 Kan. 193, 170 Pac. 389.) That Pattison asked that his title be quieted against the appellants, while the court only decreed foreclosure and gave appellants six months to redeem, might possibly give Pattison a basis for complaint, but certainly the appellants were not aggrieved thereby. (*Courtney v. Woodworth,* 9 Kan. 443; *Stevens v. Chadwick,* 10 Kan. 406; *Curtis v. Buckley,* 14 Kan. 450; *Kuhn v. Freeman,* 15 Kan. 423.)

Error is also assigned upon the fixing of appellants' redemption period at six months. Appellants derived their interest in the property pursuant to the terms of the Scruton contract and the subcontract made thereunder. By the terms of those contracts they were to pay the sum of $610 then due the Scrutons, and to pay Grimes $390, all in monthly installments of $10 plus 8% interest, a total of $1,000 and interest. This was the purchase price of the interest in the property acquired by the appellants. On that purchase price appellants made only seventeen payments of $10 each ($170) and the interest. This was less than one-third of the purchase price which appellants bound themselves to pay, and in such a situation their redemption period was properly limited to six months. (Civ. Code, § 503; *Neef v. Harrell,* 82 Kan. 554, 109 Pac. 188; *Hines v. Kays,* 93 Kan. 209, 144 Pac. 240; *Marsh v. Votaw,* 102 Kan. 747, 172 Pac. 30.)

It does not alter the situation that Grimes, with appellants' consent, borrowed $500 from plaintiff and with that sum extinguished the interest of the Scrutons. Their interest merely passed to him, and in turn to Pattison. That did not lessen the purchase price which appellants agreed to pay.

There was no impropriety in determining all phases of this controversy in one judgment. All these rival interests were subordinate to plaintiff's mortgage. To effect a favorable sale

of the property to satisfy that mortgage, and to satisfy as far
as possible the interests of the inferior claimants also, it was
proper to settle the rights of the inferior claimants. It was
to their interest that this be done. They were permitted to
join issues because their inferior but rival interests were de-
pendent upon, and affected by, this lawsuit. When it is nec-
essary for the holder of a superior mortgage lien to foreclose
that lien he may properly sue everybody concerned, including
those who have inferior interests which conflict with each
other, whether they conflict with his interest or not, and the
latter may be permitted to join issues with each other, al-
though the superior lien holder is not concerned therein, and
the court may settle the priority and precedence of the claims
of all the parties and dispose of all phases of the controversy
in one decree.

The record discloses no error, and the judgment is affirmed.