No. 35,984

The Federal Land Bank of Wichita (*Plaintiff*) v. Mary Ann Hart (also known as Mary Hart); Emmett Hart (also known as W. E. Hart), and Fern Hart, His Wife; Ella Lippoldt (also known as Ella H. Lippoldt), and Edward F. Lippoldt, Her Husband; Maud Padgett and Charles Padgett, Her Husband, *Appellants*; Federal Farm Mortgage Corporation, *Appellee.*

(143 P. 2d 649)

Opinion filed December 11, 1943.

*John A. Etling,* of Kinsley, argued the cause, and *W. N. Beezley,* of Kinsley, was on the briefs for the appellants.

*Edward H. Jamison,* of Wichita, argued the cause, and *F. N. Cossman,* of Ashland, *Robert C. Dow* and *Conrad L. Ball,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action to foreclose a real-estate mortgage. Judgment was for the plaintiff. This appeal arises out of a dispute between the mortgagor and a junior lien holder.

The pertinent facts are undisputed. The action was begun by the Federal Land Bank to foreclose its first mortgage in the amount of $4,265.54. The Federal Farm Mortgage Corporation, the holder of a second mortgage in the amount of $2,495.71, was made a party defendant and filed its answer and cross petition asking for a money judgment against the defendant owners and without asking foreclosure of its second mortgage that the judgment be made a lien on the land and that it be granted the right to redeem as a junior lien holder.

Judgment was by default for plaintiff in the amount of $4,265.54, with interest and costs, and foreclosure of the first mortgage, and

for the defendant, The Federal Farm Mortgage Corporation, for $2,495.71, with the right to redeem as a junior lien holder.

The land was sold on foreclosure on June 23, 1941, to plaintiff for the amount of its judgment, interest, taxes and costs. This sale was confirmed. The Federal Farm Mortgage Corporation, as a junior lien holder, made redemption on June 26, 1942, by payment to the clerk of the court of the amount due plaintiff. This was twelve months and three days after the sale. A certificate of redemption was issued to the corporation. On the same day this junior lien holder filed with the clerk of the court an affidavit stating that by virtue of the judgment in the action there was due it the sum of $2,645.11 as of July 26, 1942, with interest. The affidavit further recited that it was made for the purpose of showing the amount due it as a junior lien holder and that the corporation was unwilling to hold the property and credit defendant owners with the full amount of its lien, but was willing to credit on its claim the sum of $1,500.

After the lapse of eighteen months from the date of sale, no redemption having been made by the defendant owners, a sheriff's deed was issued to the Federal Farm Mortgage Corporation. It did not release the judgment in its favor against the defendant owners and now claims a valid and subsisting judgment against them for the difference between the amount of its total judgment and $1,500.

The defendant owners filed a motion to compel release of the claimed judgment and for a perpetual stay of execution. This motion recited substantially the facts as they have been set out here. These statements were all a matter of record, about which there is no dispute. The motion also alleged that the corporation had failed to comply with G. S. 1935, 60-3450, and because of such failure its judgment had been extinguished, as provided by G. S. 1935, 60-3449. This allegation was a conclusion of law. Upon a decision as to whether it was a correct statement depends the outcome of this appeal. This motion was overruled. From that order the defendant owner has appealed.

An argument might well have been made that the original judgment in favor of the mortgage corporation, wherein it was given the right to redeem as a junior lien holder when it did not ask to have its mortgage foreclosed, was erroneous. (See *Federal Land Bank v. Shoemaker*, 155 Kan. 501, 126 P. 2d 205.) No appeal was taken from this judgment, however, and it has now become a finality even

though it could have been the subject of a timely attack had one been made. (See *Federal Land Bank v. Butts*, 156 Kan. 662.)

The question is, Was the affidavit, filed twelve months and three days after the date of sale and before the expiration of the fifteen months during which creditors may redeem from one another a compliance with G. S. 1935, 60-3450, so as to prevent extinguishment of its claim as provided in G. S. 1935, 60-3449? An answer to this question takes us to an examination of the redemption statute as a whole.

The first section with which we are concerned is G. S. 1935, 60-3446. That section provides as follows:

"A junior judgment creditor or lien holder may redeem from a senior judgment creditor or lien holder by paying to the party himself or to the clerk of the district court the full sum due said senior creditor or lien holder, with interest and costs, and shall become thereby vested with full title to the judgment so redeemed from and to all liens of such judgment."

It will be noted that the Farm Mortgage Comporation was the junior lien holder here and complied with the above statute by paying to the clerk of the court the full sum due the plaintiff, the senior lien holder, thereby according to the above section becoming entitled to the judgment and to all of its liens. It must be noted further that G. S. 1935, 60-3440, provides that during the first twelve months after the sale the right of the defendant owner to redeem is exclusive, that is, nobody else can redeem during that time, but that during the time from twelve months up until fifteen months from the date of the sale any lien holder may redeem. It should further be noted that under the provisions of G. S. 1935, 60-3442, the landowner's creditors having the right of redemption may redeem from each other during the period of time from twelve months after the sale until fifteen months after it. It will thus be seen from the facts in this case that within the three-months·time allowed for it to redeem, that is, three days after the expiration of the twelve months this junior lien holder did redeem from the senior lien holder and did become entitled to the plaintiff's judgment with its liens. Had nothing more been done this case would probably not be here. However, this redeeming creditor filed the affidavit to which reference has already been made. It should be noted that G. S. 1935, 60-3447, provides as follows:

"After the expiration of fifteen months from the date of sale, the creditors can no longer redeem from each other, but the defendant owner may redeem at any time before the end of the eighteen months as aforesaid."

According to the provisions of this section had nothing more been done than has already been noted the title of the property would have vested absolutely in the Federal Farm Mortgage Corporation. It should also be noted that G. S. 1935, 60-3449, provides as follows:

"In case it is thus held by a redeeming creditor, his lien and the claim out of which it arose will be held to be extinguished, unless he pursue the course pointed out in the next section."

Had nothing been done other than to redeem as has been pointed out here pursuant to the above section, the judgment held by the Farm Mortgage Corporation against the defendant owners would have been extinguished. The Federal Farm Mortgage Corporation, however, attempted to comply with the provisions of G. S. 1935, 60-3450. That section provides as follows:

"If he is unwilling to hold the property and credit the defendant owner therefor with the full amount of his lien, he must, within ten days after the fifteen months aforesaid, file with the clerk of the district court a statement of the amount that he is willing to credit on his claim; and in order to redeem said real estate, the defendant shall only be bound to pay the amount so stated."

The corporation did file with the clerk of the district court a statement of the amount that it was willing to credit on this claim and as far as the lien on the land was concerned the defendant owner could have redeemed by paying the amount for which the mortgage corporation had redeemed from the plaintiff plus $1,500. They still would have had, however, a judgment for the difference between the original judgment and $1,500 outstanding against them. However, they did not redeem but let the land go to the redeeming lien holder.

The question in this case is whether the corporation has a judgment against them for this difference. It will be remembered that this affidavit was filed three days after the twelve-months period had expired during which time the right to redeem was exclusive in the defendant landowner. The section we are discussing provides that if the lien holder is not willing to hold the property and credit the full amount of the lien he must within ten days after the fifteen months file the affidavit. This affidavit was not filed within ten days after the fifteen months. It was filed three days after the twelve months. The corporation argues that the affidavit was as effective—even though it was filed too soon—as though it had been filed later. It argues that when the statute provides that the filing must be done within a certain number of days that provision fixed

the latest time for the doing of the act, and not the earliest. Once the entire statute is examined it appears the legislature evidently intended that there were ten days during which this affidavit could be filed, and no other time. The whole matter of redemption from sale is a matter of statute. (See 37 Am. Jur. 211, sec. 823.) This statute provides with meticulous care for the doing of certain things by various interested parties at specified times. Had the legislature intended that this affidavit might be filed at any time after the junior lien holder had redeemed it could very easily have so provided. It did not do this, however. It provided by language as clear as possible for a ten-day period during which this affidavit must be filed to be effective. It was not filed during this period. Being thus prematurely filed it was not effective.

The judgment of the trial court is reversed with directions to sustain the motion of the defendant landowner.

Wedell, J., dissents.