NOT DESIGNATED FOR PUBLICATION

No. 112,848

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANIEL MASON,
*Appellant*,

v.

APPLE ASSET, L.C.,
*Defendant*,

and

AMIE MARIE MASON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed September 18, 2015. Affirmed.

*Alan B. Gallas*, of Gallas & Schultz, of Kansas City, Missouri, for appellant.

*Gregory V. Blume*, of Overland Park, for appellee Amie Mason.

Before PIERRON, P.J., MCANANY, J., and BURGESS, S.J.

*Per Curiam*: Amie Marie Mason has a Missouri judgment for past-due support against her former husband, Daniel Mason. The judgment was registered in Kansas and became a lien against Daniel's real property in Johnson County. Wells Fargo Bank foreclosed on its mortgage on Daniel's Johnson County residence in Leawood. Amie was jointed as a judgment lien creditor. Amie was granted redemption rights in the course of the foreclosure. She assigned her redemption rights to Apple Asset LC. Apple redeemed the property. Daniel continued thereafter to make payments on Amie's Missouri

1

judgment. Several years later, Daniel brought this action against Apple and Amie seeking a declaratory judgment that as a result of the assignment of her redemption rights to Apple, Amie's judgment against Daniel was extinguished. He also sought a money judgment against Amie for the payments he had made on the Missouri judgment after Amie assigned her redemption rights to Apple. In the course of that litigation, Daniel moved for summary judgment on his claims. The district court determined that there were no genuine issues of material fact in dispute, but that based on those facts Amie, rather than Daniel, was entitled to judgment as a matter of law. Daniel appeals that ruling.

*Summary Judgment Standards*

The standards for considering a motion for summary judgment are well known. See K.S.A. 60-256. Summary judgment is merited when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The district court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 330, 277 P.3d 1062 (2012). Our review of a summary judgment order is de novo. *Duarte v. DeBruce Grain, Inc.*, 276 Kan. 598, 602, 78 P.3d 428 (2003). Thus, we consider Daniel's motion anew without regard to the district court's analysis in arriving at its judgment.

Our analysis of the legal significance of the uncontroverted facts will require us to examine both statute and contract provisions. When a statute is plain and unambiguous, we should not speculate about the legislative intent behind that clear language, and we should refrain from reading something into the statute that is not readily found in its words. *Cady v. Schroll*, 298 Kan. 731, 738, 317 P.3d 90 (2014). With respect to contract provisions, our primary task is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the contract language without

2

applying rules of construction. *Stechschulte v. Jennings*, 297 Kan. 2, 15, 298 P.3d 1083 (2013).

*Procedural History*

In February 2013, Daniel commenced this action for a declaratory judgment and for a money judgment against Amie. (There was also a claim against Apple which has no bearing on the disposition of this appeal.) Daniel claimed that Amie's Missouri child support judgment was extinguished when she assigned her redemption rights to Apple. He also sought a money judgment against Amie for all the payments he made on the Missouri child support judgment after the judgment was extinguished.

Amie answered, admitting that she assigned her redemption rights to Apple. But she maintained that she was entitled to payment of the remaining balance on the child support judgment. Apple did not answer Daniel's petition or otherwise participate in these proceedings.

Daniel moved for summary judgment, contending that under K.S.A. 2014 Supp. 60-2414, Apple's redeeming creditor's affidavit extinguished Amie's $101,951.03 judgment for back child support. In response, Amie contended that she assigned her redemption rights to Apple but not the underlying child support judgment.

At the hearing on Daniel's motion, the parties agreed that the issue was one of law based on undisputed facts, so the matter was ripe for a final disposition and the district court was not bound to the alternatives of granting or denying the motion. After considering the motion, the district court concluded that Amie was entitled to judgment as a matter of law on both of Daniel's claims.

3

*Uncontroverted Facts*

The uncontroverted material facts taken from Daniel's Memorandum in support of his summary judgment motion and Amie's Memorandum In Opposition can be summarized as follows:

Daniel and Amie were previously married. Two children were born of the marriage. Daniel and Amie were divorced in Jackson County, Missouri, in March 2003.

In November 2005, Daniel was delinquent in his child support obligation in an amount over $78,000. A Notice of Registration of Support Order was filed in Johnson County in connection with this obligation.

In July 2006, Wells Fargo commenced its foreclosure action against Daniel's residence in Johnson County. In May 2007, Amie entered her appearance in the case.

In August 2007, the district court set aside its orders in the Johnson County action to enforce Daniel's child support obligation because the parties had returned to Missouri to reside there.

In September 2007, the court entered summary judgment in favor of Wells Fargo in the foreclosure action. Amie's cross-claim against Daniel was reserved for a later disposition.

In November 2007, Daniel was found to be in arrears of his child support obligation for his two daughters in the amount of $101,951.03.

In November 2007, the district court entered its order extinguishing the redemption rights of the defendants in the foreclosure action.

4

In December 2007, Amie moved for summary judgment on her cross-claim against Daniel. She sought a judgment of $101,951.03 for past-due child support due pursuant to an order of the Circuit Court of Jackson County, Missouri. This was the amount due as of October 30, 2007. According to Amie, the judgment continued to accrue at the rate of $950 per month. She asserted a "right, interest and lien on the subject real estate."

Also in December 2007, the district court held a hearing to reconsider its decision extinguishing all redemption rights in the foreclosure action. The court set aside its November 2007 order. It found that "the property is not currently being occupied in good faith and therefore, the redemption rights of defendant Daniel Mason should be and are hereby extinguished." But the court found that Amie "should be granted equitable redemption rights due to her prior marital interests and present judgment lien for child support." Amie was given until January 17, 2008, to redeem the property.

About a week later, on December 27, 2007, Amie executed an Assignment of Redemption Rights and Proceeds of Sale. According to the document, Amie assigned to Apple "all of her redemption rights, judgments liens, rights to receive any excess funds otherwise payable to Amie Marie Mason from the proceeds of the Sheriffs sale conducted in the matter as well as all other rights, title, interest, possession, or claim" in or to Daniel's Leawood residence. Amie represented that she had a "valid, judicially recognized lien" against the property. The stated consideration was $20,000. The Assignment was signed by Amie as "Owner-Seller." Upon receipt of the $20,000 consideration, Amie reduced the amount Daniel owed on the Missouri child support judgment by that amount.

On January 2, 2008, Apple filed with the district court its Notice of Redemption. The notice stated that on December 27, 2007, the date of Amie' assignment, Apple paid into court $264,348.38, the purchase price at the sheriff's sale plus accrued interest.

5

On March 8, 2008, Apple filed its Redeeming Creditor's Affidavit. In it, Darrin T. Volk, a member of Apple, stated:

> "In addition to the amount paid for redemption, $264,348.28, Apple Asset L.C. still retains a claim against the judgment debtor in the principal amount of $101,951.03, pursuant to its judgment obtained in Jackson County Missouri Case No. 02fc204742-04. In the event debtor fails to redeem under the terms set by the court and the property is held absolutely by Apple Asset L.C. the lien and the claim out of which it arose will be held to be extinguished pursuant to KSA 60-2414(e)."

On June 20, 2008, Volk provided an affidavit in which he acknowledged that he was the person who negotiated with Amie for the assignment of her redemption rights. According to Volk, and contrary to the earlier Redeeming Creditor's Affidavit, Apple did not acquire Amie's Missouri child support judgment, but only her redemption rights to the Leawood residence. He stated that Daniel requested a full release from Apple for all of Amie's child support judgment. Volk said Apple responded by refusing "his request as they had no authority having purchased only Amie Mason's redemption rights." Amie cited this affidavit in her response to Daniel's summary judgment motion. Daniel responded, stating that this affidavit "speaks for itself."

Since the mortgage foreclosure, Daniel has made regular monthly $900 payments towards satisfaction of the Missouri child support judgment and arrearage. Prior to the current litigation he has never claimed the child support judgment has been satisfied or extinguished. Daniel conceded in responding to Amie's statement of additional uncontroverted facts that he still owed more than $72,000 on this judgment.

*Analysis*

On appeal, Daniel contends that the child support judgment did not survive the assignment of Amie's redemption. He points to Apple's redeeming creditor's affidavit as

6

proof that the entire Jackson County judgment was extinguished because he would have had to pay off the entire amount of the child support judgment in order to redeem the property from Apple, which he did not do.

Daniel argues that when Amie assigned her redemption rights to Apple under K.S.A. 2014 Supp. 60-2414(h), Apple stepped into her shoes with both the right to redeem and the right to collect on the Jackson County judgment. Thus, he asserts that both the judgment lien and the claim out of which it arose were extinguished under K.S.A. 2014 Supp. 60-2414(e) when Apple exercised the rights of a redeeming creditor.

The right of a defendant owner or a lien creditor to redeem real property sold at a sheriff's sale is controlled by statute. *Farm Credit Bank of Wichita v. Zerr*, 22 Kan. App. 2d 247, 249, 915 P.2d 137 (1996). The controlling statute is K.S.A. 2014 Supp. 60-2414, which is entitled Redemption of real property. Daniel cites *Federal Land Bank of Wichita v. Hart*, 157 Kan. 664, 668, 143 P.2d 649 (1943), for the proposition that the predecessor statute was drafted by the legislature "with meticulous care for the doing of certain things." Our current comprehensive statute is divided into subsections covering all aspects of the redemption process:  (a) Right of redemption by defendant owner; (b) Redemption by lien creditor; (c) Creditors who may redeem; (d) Terms of redemption; rights of parties; (e) Effect of failure of debtor to redeem; deficiency; (f) Mode of redemption; (g) Redemption of property sold in parcels or undivided portions; (h) Transfer of right of redemption; (i) Holder of legal title; (j) Injury or waste after sale; (k) Second sale not permitted; (l) Injunction or receiver to protect property; and (m) Owners reduced redemption period. For the sake of simplicity, we will identify references to this statute only by its subsection. Here are relevant portions of the various subsections.

Subsection (a) sets forth the redemption rights of the defendant owner. To redeem, the defendant owner must pay the amount paid by the current holder of the certificate of purchase, together with certain expenses, interest, costs, and taxes. The redemption

period is 12 months unless, under (m), less than one-third of the note secured by the mortgage has been paid, in which case the redemption period is 3 months. Under (a), the court may reduce or eliminate the redemption period if the court determines the property has been abandoned or is not occupied in good faith.

Subsection (b) provides for the redemption by a lien creditor. As a general rule, the defendant owner has the exclusive right to redeem for the first 3 months. After that, any creditor referred to in (c) can redeem. If the court extinguishes the owner's redemption period due to abandonment or bad faith, the court shall set the creditor's redemption period not to exceed 3 months. To redeem, the creditor must pay the amount of the successful sale bid together with the successful bidder's expenses, interest, costs, and taxes.

Subsection (c) provides that "[a]ny creditor whose claim is or becomes a lien prior to the expiration of the time allowed by law for redemption by creditors may redeem."

Subsection (e) provides:

"If the defendant owner . . . fail[s] to redeem as provided in this section, . . . the creditor who has redeemed prior to the expiration of the redemption period will hold the property absolutely. If it is held by a redeeming creditor, the lien and the claim out of which it arose will be held to be extinguished, unless the redeeming creditor is unwilling to hold the property and credit the defendant owner with the full amount of the redeeming creditor's lien and, at the time of redemption, files with the clerk of the district court a statement of the amount that the redeeming creditor is willing to credit on the claim. If the redeeming creditor files such a statement and the defendant owner or such owner's successors and assigns fail to redeem, the creditor's claim shall be extinguished by the amount in the statement." K.S.A. 2014 Supp. 60-2414(e).

8

Under subsection (f) redemption is accomplished by paying the money into the office of the clerk of the district court.

> "A redeeming creditor . . . shall also file an affidavit stating as nearly as practicable the amount still unpaid due on the claim of that creditor and any lesser amount the creditor is willing to credit on the claim in accordance with subsection (e). The creditor's claim, or such lesser amount as the creditor is willing to credit on the claim in accordance with subsection (e), shall be added to the redemption amount to be paid by the defendant owner."

Subsection (h) provides for the assignment of the defendant owner's redemption rights, in which case "the assignee or transferee shall have the same right of redemption as the defendant owner."

Daniel asserts that Amie was a creditor with a right to redeem under subsection (c), and that, had she exercised that right herself, the judgment for back child support in Jackson County would have been held to be extinguished under subsection (e). But because she assigned her right under subsection (h), Apple stepped into her shoes and held the same rights as a redeeming creditor. Therefore when Apple exercised its right of redemption as an assignee, the result was the same as if Amie had done it herself, and the judgment for back child support in Jackson County was extinguished.

Daniel's reliance on subsection (h) is unfounded. That subsection states: "The rights of the *defendant owner* in relation to redemption may be assigned or transferred, and the assignee or transferee shall have the same right of redemption as the defendant owner. The assigned or transferred right of redemption shall not be subject to levy or sale on execution." (Emphasis added.) K.S.A. 2014 Supp. 60-2414(h). Assignments of a defendant owner's property right to redeem is not unrestricted. Creditors of an assignee cannot take over the redemption right through levy or execution. But Amie was not a defendant owner. Her interest was as a creditor with a lien against the property. The

9

statute is comprehensive in its coverage. It does not provide for the assignment of a lien creditor's redemption rights. Under the statute there are only two classes of persons who can redeem: defendant owners and lien creditors. The statute makes provision for the assignment of the redemption rights of a defendant owner with certain restrictions but makes no provision at all for the assignment of a lien creditor's redemption right. We presume that an exclusion so obvious was not accidental.

Daniel's claims are entirely dependent upon Apple succeeding to Amie's redemption rights by way of an assignment. Because the comprehensive statutory scheme does not provide for such an assignment, and Daniel provides no other authority that would permit such an assignment under these circumstances, Amie's child support judgment survived this foreclosure action.

Even if an assignment of Amie's redemption rights to Apple would have been allowed under the statute, Apple did not stand in Amie's shoes as Daniel now claims. At the time of the purported assignment, Amie was a judgment creditor. Her Missouri judgment had been registered in Johnson County, so it became a lien against Daniel's real property in the county. In the foreclosure action the district court gave Amie a limited right to redeem. Amie dealt with Volk, a member of Apple, regarding the assignment. Volk drafted the document. As such, we resolve any ambiguity in the document against Apple, its author. *Liggatt v. Employers Mut. Cas. Co.*, 273 Kan. 915, 921, 46 P.3d 1120 (2002).

Here, the document contains numerous grammatical and punctuation errors that create provisions of doubtful or conflicting meaning. See *Simon v. National Farmers Organization, Inc.*, 250 Kan. 676, 680, 829 P.2d 884 (1992). It is our task as a matter of law to construe the document and resolve any conflict. See *National Bank of Andover v. Kansas Bankers Surety Co.*, 290 Kan. 247, 263, 225 P.3d 707 (2010). Thus, we must determine whether the assignment includes Amie's underlying Missouri judgment.

10

The document is entitled Assignment of Redemption Rights and Proceeds of Sale. It makes no representation in the title that a judgment is being assigned. The document provides that Amie assigns to Apple

> "all of her redemption rights, judgments liens, rights to receive any excess funds otherwise payable to Amie Marie Mason from the proceeds of the Sheriffs sale conducted in the matter as well as all other rights, title, interest, possession, or claim which they may have in and to the following described real property."

It also contains an assurance from Amie that she has a valid redemption right and a valid lien against the property. If the parties had contemplated an assignment of the underlying judgment, we would have expected there to be some description of the judgment being assigned: a case citation, the jurisdiction where it was obtained, the amount of the judgment, as case number, something. But the document is silent about the nature or amount of any judgment being assigned.

The document is the product of a half-hearted attempt to revise a form used for the assignment of redemption rights by a defendant owner. For example, it assures Amie that she still has the right to sell the residence and to remain in the residence during the redemption period. It states that Amie has a redemption period of 6 to 12 months. It warns Amie that she could be responsible for a deficiency judgment if the sheriff's sale is inadequate to pay off the mortgage loan.

What the document does not provide for is the assignment of Amie's Missouri judgment to Apple. It refers to "judgments liens," whatever that is, but not to a judgment. Volk, Apple's representative, stated in his affidavit: "At no time did Apple Asset L.C. bargain for or receive an assignment of the judgment itself but only the redemption rights." In his summary judgment memoranda, Daniel did not controvert this statement by Volk. Daniel understood that Amie still had her Missouri judgment. He continued to

11

make monthly payments on it for years. He conceded in his response to Amie's statement of additional uncontroverted facts that he still owes more than $72,000 in past-due child support.

Under subsection (e) of K.S.A. 2014 Supp. 60-2414, "the lien and the claim out of which it arose will be held to be extinguished, unless the redeeming creditor is unwilling to hold the property and credit the defendant owner with the full amount of the redeeming creditor's lien." Apple was never the holder of "the claim out of which it arose." Therefore, subsection (e) of the statute does not apply.

Amie assigned to Apple her redemption rights to the property. She also released her judgment lien against the property so that Apple could redeem and hold the property free and clear of her lien. She did not assign to Apple her underlying judgment. She retained that judgment and was free to enforce it by levy and execution on other properties Daniel might own. Daniel understood this to be the case, so he continued to pay on the outstanding judgment.

With respect to Daniel's declaratory judgment claim, there is no genuine issue of material fact and Amie is entitled to judgment as a matter of law. The district court did not err in so concluding.

With respect to Daniel's claim for a money judgment against Amie for the payments he has made over the years since the foreclosure action, this claim fails because, as we have just determined, Amie continued as the judgment creditor with respect to the Missouri judgment, and she has not received payments on that judgment to which she was not entitled. There is no genuine issue of material fact on that claim, and Amie is entitled to judgment as a matter of law. The district court did not err in so concluding.

12

Affirmed.