E. T. SCHULER v. ORION FOWLER.

No. 12,184.   (64 Pac. 1035.)

SYLLABUS BY THE COURT.

1. JUDGMENT—*Vacation—Condition Precedent.* The court should not vacate a judgment on an application made under subdivision 3 of section 568 of the code (Gen. Stat. 1901, § 5054), until the party applying therefor, if he be the defendant, shall have set up a defense to the action, as provided in section 572 (Gen. Stat. 1901, § 5058). These two sections are to be construed together, and it is error to vacate a judgment on such grounds until the defendant has presented to the court a complete defense to the action on which the judgment was rendered.

2. ———— *Execution on Deficiency Judgment.* In an action to recover a personal judgment on a promissory note and to foreclose a real-estate mortgage, the plaintiff is entitled to an execution as a matter of right against the judgment debtor for any deficiency after selling the mortgaged property.

Error from Harper district court; G. W. McKAY, judge. Opinion filed May 11, 1901. Division two. Reversed.

*Sam. D. Pryor*, for plaintiff in error.

*H. Llewelyn Jones*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. :   The plaintiff in error brought this action in the district court of Harper county, Kansas, on a promissory note signed by C. C. Fowler, Matilda Fowler, Orion Fowler, and C. R. Fowler, to recover a personal judgment against said defendants and a foreclosure of a mortgage executed by C. C. Fowler and Matilda Fowler.   This note and mortgage were given to one E. F. Clark, and by Clark indorsed to plaintiff in error.   Personal service was had on Orion Fowler. On the 1st day of September, 1896, at the September, 1896, term of court, the plaintiff recovered a personal judgment against Orion Fowler for $754.54 and costs, and a decree foreclosing the mortgage.   A journal entry of judgment was signed by the judge on the day the judgment was rendered and spread upon the journal.   An order of sale was issued on the 19th day of March, 1897, under which the mortgaged property was sold, and on the 1st day of May, 1897, the sale was confirmed and deed ordered.   At that time the defendant, Orion Fowler, appeared, by his attorney, and objected to the awarding of an execution for a deficiency judgment against him, and also objected to the allowance or issuance of a writ of assistance. Upon the hearing, the court overruled the application for a writ of assistance until demand should be made and refused and until further application therefor should be made ; and also refused to pass on the application for an execution for the deficiency judgment until further application should be made in writing and notice thereof given.

Afterward the plaintiff in error filed his motion for a writ of assistance and also for an execution for the deficiency judgment, and on the 30th of July, 1897,

the defendant in error filed a motion in said court, asking that the personal judgment be set aside and vacated, alleging the following reasons : (1) Mistake of the clerk and irregularity in obtaining the personal judgment; (2) that no personal judgment was rendered ; (3) that no finding was made of any sum due the plaintiff. These matters were heard on the 7th day of September, 1897.

Upon the hearing of the motion to set aside the personal judgment, the clerk of the district court and one J. A. Houston were sworn and examined. The testimony of the clerk, summarized, was that the trial docket of that term, which he identified, contained no entry of a personal judgment in this case ; that the judgment and decree signed by the judge was prepared and signed on the day that trial was had. The journal entry of judgment was also offered in evidence as part of the examination of the clerk. The testimony of Houston, in effect, was that he was attorney for Fowler and was in court on the day of the rendition of the judgment. His recollection was that no personal judgment was rendered against Fowler. All of this evidence was objected to by plaintiff in error, on the ground that it was not the best evidence.

The defendant in error has filed no brief and we are at a loss to know upon what theory the court below vacated the judgment. The evidence introduced on the motion clearly shows that a judgment was rendered against the defendant in error, and that the court signed the journal entry of judgment. There does not appear to have been any mistake of the clerk, and we fail to find in the record any irregularity on the part of plaintiff in error. The action was on a promissory note, and the defendant in error

Schuler v. Fowler.

was present in the court at the time the judgment was rendered and offered no defense.

The provisions of the statute under which defendant in error proceeded are found in sections 568–572 of the civil code (Gen. Stat. 1901, §§ 5054–5058). Upon the hearing of the motion, there was no showing that the defendant in error had any defense to the action ; it is not claimed that he had. Under such circumstances, there can be no excuse for vacating the judgment. Before a court should vacate a judgment for any of the causes alleged in the motion under consideration, there should be some showing that the party applying has a defense to the action ; and if he has not such defense, the court should not set aside or vacate the judgment. (*Meixell v. Kirkpatrick*, 25 Kan. 19.)

Complaint is also made that the court below refused to award an execution against the defendant in error for the balance due on the judgment. The plaintiff in an action to recover a personal judgment and the foreclosure of a mortgage is entitled to an execution for any deficiency judgment, after having exhausted the mortgaged property, just as he would be in any other action, and the court below erred in refusing to permit such execution to issue.

The order of the court below vacating the personal judgment against the defendant in error is reversed, as well as the order refusing execution for the remainder of the personal judgment, and the cause is remanded for further proceedings.

JOHNSTON, CUNNINGHAM, JJ., concurring.