No. 20,972.

LAURA L. HODGEN and C. W. HODGEN, *Appellants,* v. M. A. ROY
and ELIZABETH E. ROY, *Appellees,* et al.

### SYLLABUS BY THE COURT.

1. ATTACHMENT—*Land—Defective Return of Sheriff—Return Not Void.*
In his return upon an order of attachment the sheriff should describe
the property attached so that it can be readily identified; and held,
that the return herein which described the land seized as the northeast
and northwest quarters of section 22, in township 7, range 38, is not
void by reason of indefiniteness or uncertainty in the description.

2. ATTACHMENT — *Mortgage Foreclosure — Concurrent Remedies.* A
party may employ as many concurrent and consistent remedies as the
law gives him, and a plaintiff in an action to recover·an indebtedness
and to foreclose a mortgage given to secure its payment may secure
the issuance of an order of attachment and the levy of the same upon
property other than that included in the mortgage.

3. SAME—*Mortgage Foreclosure—Excessive Levy—Levy Not Void.* A
court has authority to protect the defendants or other creditors as
against an excessive levy and the seizure and holding of more prop-
erty than is necessary to meet the judgment establishing the indebted-
ness; but the fact that an officer seizes and holds an excessive amount
of property does not necessarily invalidate the attachment.

Appeal from Sherman district court; CHARLES I. SPARKS,
judge. Opinion filed January 12, 1918. Reversed.

*John Hartzler,* of Goodland, for the appellants.

*E. F. Murphy,* of Goodland, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The validity of an attachment of real es-
tate is involved in this appeal.

The plaintiffs brought an action in the district court of
Sherman county to foreclose a mortgage on real estate, and
in their petition alleged that the mortgage on the land was in-
sufficient to secure the payment of the mortgage debt. They
therefore procured the issuance of an order of attachment and
caused it to be levied on property other than the mortgaged
land. The order was directed to the sheriff of Sherman
county, who levied it upon a tract of land, and in his return

stated that the land attached by him was described in an appraisement which he procured to be made and which was made a part of his return. In the appraisement the land was described as the northeast and northwest quarters of section 22, in township 7, range 38. He also returned that he had posted copies of the notice on land of the same description. In neither was the meridian mentioned nor did he state that it was situated in Sherman county.

Defendants challenged the validity of the attachment by motion on the ground that the return of the sheriff failed to show that the land attached was in Sherman county and within the jurisdiction of the court. While the description is incomplete, no one could be misled as to the identity of the land. There is no section 22, in township 7, range 38, in Kansas, other than the tract levied on by the sheriff. The order was issued to the sheriff of Sherman county, in an action that could only be brought in that county, and he could not levy the attachment in any other county. The appraisement which was included in his return was made by householders of Sherman county. It was of course the duty of the sheriff in making his return to describe the property attached so that it could be readily identified. We think the description given in the return accomplished that purpose. Defendants contend that the exactness of description required in a deed is essential to the validity of a return. In view of the fact that the return is only a step taken towards giving the court jurisdiction to establish a claim and appropriate property for its payment, and one which is still open to contest and to amendment, it is hardly necessary that there should be the same precision of description as in an instrument which transfers title of land. It has been said:

"While there is respectable authority to the effect that the description should be as specific as that required in a deed, and while such a description would no doubt in all cases be sufficient, yet, inasmuch as the object of the attachment is to secure the jurisdiction of the court over the land until plaintiff establishes his claim, it would seem that the same certainty ought not to be required as when the title is divested." (4 Cyc. 611.)

If there was anything lacking in the description of the land attached the defendants supplied it in their motion attacking the sufficiency of the attachment. In it they state that the land

levied upon under the order of attachment was the north one-half of section 22, in township 7 south, of range 38 west of the sixth principal meridian, in Sherman county, Kansas. No fuller or better description of the land could be made than that given in this admission of the defendants.

It is also contended that a party who has brought an action to foreclose a mortgage, as the plaintiffs did, cannot procure the attachment of other property of the defendant until the mortgage security has been exhausted. A party may employ as many remedies as the law gives him, providing they are not inconsistent with each other. He may sue on the debt alone, and may obtain an attachment or other proceeding authorized by law to establish his debt or to secure or enforce its payment, or he may foreclose the mortgage and subject the mortgaged property to the payment of the debt. The mere fact that he has asked for a foreclosure does not preclude the use of other concurrent and consistent remedies. (*Schuler v. Fowler,* 63 Kan. 98, 64 Pac. 1035; Note, 73 Am. St. Rep. 559. See, also, *Lichty v. McMartin,* 11 Kan. 565.)

If the mortgaged property is insufficient to secure the payment of the debt, there is no reason why the creditor may not, if grounds of attachment exist, procure the attachment of property, not included in his mortgage, sufficient to meet the indebtedness. A court has authority to protect a defendant as well as other creditors by preventing an excessive levy or the holding of more property than is sufficient to meet the debt with the necessary costs and expenses. (4 Cyc. 599.) The fact that the officer seizes and holds a larger amount of property than is necessary does not necessarily invalidate the attachment. (*Tucker v. Green,* 27 Kan. 355; 6 C. J. 238.) It was alleged here that the mortgaged premises were insufficient to secure the payment of the amount due on the note, and nothing appears to show that the seizure of the additional property was excessive.

It follows that the decision of the trial court holding the attachment to be invalid must be reversed, and the cause remanded for further proceedings.