(735 P.2d 1110)
No. 59,695

FEDERAL LAND BANK OF WICHITA, WICHITA, KANSAS, *Plaintiff/Appellant*, v. RONALD WAYNE CUMMINGS and MARIETTA ELLEN CUMMINGS, husband and wife, *Defendants/Appellees*, and GRAHAM-MICHAELIS CORPORATION and DON E. PRATT, *Defendants*.

Opinion filed April 23, 1987.

*William B. Elliott*, of Hill City, for the appellant.

*Harry Joe Pratt*, of Clark & Shelton, P.A., of Hill City, for the appellees.

Before ABBOTT, C.J., WILLIAM RANDOLPH CARPENTER, District Judge, assigned, and JAMES W. PADDOCK, District Judge, assigned.

ABBOTT, C.J.: This is a farm mortgage foreclosure action. The Federal Land Bank of Wichita commenced a farm mortgage foreclosure against Ronald Wayne and Marietta Cummings. A judgment was taken on the note and the security (farmland) was sold. At the confirmation hearing, the trial court confirmed the sale, *but* would not allow a deficiency judgment. The Federal Land Bank appeals.

The facts are not in dispute. In 1980, the Cummings executed a promissory note to Federal Land Bank (FLB) in the principal sum of $142,000 plus interest. The note provided for 33 payments of $15,808.95. As security for the note, they gave a first farm and ranch mortgage to FLB. This is not a purchase money mortgage.

The Cummings defaulted on the loan and FLB commenced this action. The procedural history of this case is omitted because it is of no importance to the decision. The trial court granted judgment for $135,239.01 ($113,572.92 principal plus $21,666.09 accrued interest), with interest to accrue at the rate of $54.47127 per day, plus taxes and costs, and ordered the security sold.

The security consists of 125 acres of pasture and 180 acres of cultivated land. The land has oil production of approximately 2,000 barrels per year with a 14% decline. FLB submitted the only bid, which was in the amount of $70,890.22. $890.22 was for taxes and sale expenses, leaving $70,000 to be applied to partial satisfaction of the judgment.

At the confirmation hearing, the Cummings agreed to the confirmation, but objected to a deficiency judgment. There was no specific objection made, just a general statement that the Cummings objected to a deficiency judgment.

FLB called a loan officer as its only witness. Highly summarized, he qualified as an expert on land value, and stated he was previously responsible for loans in Graham County, where this land is located. He had appraised the land for the original loan in 1980, and appraised it again in 1985 and 1986. In 1980, he appraised it as having a value in excess of $142,000. He testified that he reappraised the land in 1985 in order to establish that the security was sufficient to protect FLB on the unpaid principal. The 1986 appraisal was made to determine the fair market value in order that FLB could determine its bid at the sale. The 1986 appraisal was $70,000 and that was the amount bid by FLB.

The Cummings were given an opportunity to present testimony, but declined to do so.

The trial court confirmed the sale, but denied FLB's request for a deficiency judgment, stating that the allowance of a deficiency judgment would be inequitable and unfair. The trial court, in announcing its judgment, stated:

"First as to statement of counsel and evidence presented here would find as follows:

"That originally in 1981 Federal Land Bank appraised the ground in question in excess of $142,000, that today they come in and appraise the land at $70,000 in 1986. With that statement Federal Land Bank of Wichita, and it is their wish the court set up a policy which provides, allows them to appraise the property and then being able to appraise the property, land at their own appraised property values, not an independent appraisal by someone else. They then wish to buy at a reduced figure and take title in fee simple with right to sell at any particular price at a later date. They then wish to take a deficiency judgment, and in this case they wish to have approximately $70,000 deficiency judgment. If the court were to adopt the policy also recommended by the plaintiff herein, they would end up with the land itself free to sell at any particular price plus judgment of $70,000 against defendant. They then turn around and sell the property for $140,000, whatever figure and generate a $70,000 profit. They then execute on their deficiency judgment and collect another $70,000 and would have unjust enrichment of over $70,000 under the facts and scenario as requested by plaintiff herein. *If the property were purchased by a third party, someone not a party to the action, the court would have no problem in awarding a deficiency judgment, but when the property is appraised by the plaintiff themselves, they purchase it at their value and they request the court to enter a deficiency judgment for the difference, allowing them to make a profit, the court finds that is not equitable, not fair,* and the court would deny the motion for deficiency judgment in this case where the plaintiff themselves set a value in 1981 of $142,000 and then taking the property at a sheriff's sale, the court at this time denies the motion for deficiency judgment." (Emphasis supplied.)

Both parties recognize the basic principle that mortgages are given to secure repayment of promissory notes, not in payment of the notes, and that generally a mortgagee is entitled to full payment of its note, regardless of the value of its security. When a note and mortgage are executed, the creditor has a right to the full amount of the note. The value of the collateral is immaterial insofar as the debt represented by the note is concerned. The value of the collateral may fluctuate wildly, but the fluctuation, either up or down, does not affect the amount of the underlying debt. The creditor is not required to accept the collateral as full

payment of the debt, and a court may not require the creditor to do so, unless authorized by K.S.A. 60-2415.

Deficiency judgments are contemplated and permitted by Kansas law. *Liberty Savings & Loan Ass'n v. Jones*, 143 Kan. 422, 54 P.2d 937 (1936); *Equitable Life Assur. Soc. v. Shearer*, 142 Kan. 310, 46 P.2d 869 (1935); *Security Benefit Ass'n v. Swartz*, 141 Kan. 227, 40 P.2d 433 (1935); *Hodgen v. Roy*, 102 Kan. 197, 169 Pac. 1143 (1918); *Schuler v. Fowler*, 63 Kan. 98, 64 Pac. 1035 (1901); 55 Am. Jur. 2d, Mortgages § 658, p. 613.

K.S.A. 60-2415 provides:

"(a) *Certificate of purchase.* The sheriff shall at once make a return of all sales made under this article to the court. If the court finds the proceedings regular and in conformity with law and equity, it shall confirm the same, direct the clerk to make such entry upon the journal and order the sheriff to make to the purchaser the certificate of sale or deed provided for in this article.

"(b) *Equity powers of court.* The court may decline to confirm the sale where the bid is substantially inadequate, or in ordering a sale or a resale, may, in its discretion, if conditions or circumstances warrant and after a proper hearing, fix a minimum or upset price at which the property must be bid in if the sale is to be confirmed; or the court may, upon application for the confirmation of the sale, if it has not theretofore fixed an upset price, conduct a hearing to establish the value of the property, and as a condition to confirmation require the fair value of the property be credited upon the judgment, interest, taxes and costs. A sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate."

The statute gives the trial court the discretion to refuse to confirm the sale if it finds the bid substantially inadequate. In the present case, there is no finding by the trial court that FLB's bid was substantially inadequate. In fact, the trial court confirmed the sale, which indicates that it found the sale to be regular and in conformity with law and equity. See K.S.A. 60-2415(a). In addition, the trial judge stated he would have no problem awarding a deficiency judgment if the sale had been to a third party.

As we see it, the problem in this case is that the trial court and landowners were laboring under the erroneous assumption that the trial court has discretion as to a deficiency judgment. Whether a deficiency judgment results is determined by a simple mathematical step after the sale is confirmed.

The trial court granted judgment in favor of FLB for the amount of its note pursuant to the agreement between the

parties. The next event of significance is the sale of the security. The trial court had an opportunity to fix an upset price in advance of the sale, but declined to do so. After the sale, the trial court held a confirmation hearing. The evidence determines whether the trial judge confirms the sale or takes one of the following actions: (1) The trial court need not confirm the sale if it finds the bid is "substantially inadequate," in which case it would order a resale; or (2) the trial court may give the creditor the option of either giving the debtor credit upon the judgment, interest, taxes, and costs for the value of the property, as determined by the trial judge, or reselling. Whether the trial court confirms the sale, orders a resale because the highest bid is "substantially inadequate," or gives the judgment holder an option, the decision must be supported by the record. Once the sale is confirmed, any deficiency is simply a mathematical calculation, and the trial judge has no discretion in the matter but may do the mathematical calculations to clarify the record.

We conclude the trial court erred in denying a deficiency judgment. We are troubled somewhat by the fact the landowners and trial court were under the erroneous impression the trial judge could confirm the sale and deny a "deficiency judgment." However, the record before us does not contain any evidence that would justify denial of confirmation (which requires a finding the bid is substantially inadequate), or give the creditor the option of allowing the landowners more credit against the judgment, interest, taxes, and costs, or reselling (which requires a finding that the value of the property is in excess of the amount bid). The landowners did not object to confirmation of the sale and offered no evidence as to the value of the collateral. The trial court confirmed the sale, and we have no cross-appeal from the order confirming the sale.

Based on the record before us, the trial court erred in denying FLB a deficiency judgment.

Reversed and remanded with directions to compute the deficiency.

CARPENTER, J., dissenting: Since the trial court misapprehended K.S.A. 60-2415, I would reverse and remand for rehearing on the confirmation issue.