(138 P.3d 1253)
No. 94,697

D.A.N. JOINT VENTURE III, L.P., *Appellant*, v. BRAD W. TURK and PEGGY TURK, *Appellees*.

354

Opinion filed July 28, 2006.

*Thomas J. Fritzlen, Jr.*, and *Beverly M. Weber*, of Martin, Leigh, Laws & Fritzlen, P.C., of Kansas City, Missouri, for appellant.

*Keith Collett*, of Brookens & Collett, of Marion, for appellee Brad W. Turk.

*Craig D. Cox*, of Halstead, for appellee Peggy Turk.

Before MALONE, P.J., GREEN, J., and BUKATY, S.J.

MALONE, J.: D.A.N. Joint Venture III, L.P. (DAN) appeals the district court's order awarding attorney fees to Brad and Peggy Turk for a violation of the Uniform Consumer Credit Code (UCCC), K.S.A. 16a-2-101 *et seq*. Specifically, the district court found DAN was in violation of the UCCC for charging interest on the interest portion of a judgment against the Turks. We affirm.

On November 30, 2000, DAN sued Brad and Peggy Turk for failure to make monthly payments under a promissory note. Peggy accepted service of process for herself and Brad, even though they had been divorced since 1998. According to the petition, the outstanding principal balance on the loan was $4,526.76 and the annual percentage rate was 21.50%.

On April 30, 2001, a default judgment was entered in favor of DAN against both Brad and Peggy. The judgment stated, "As of April 25, 2001, the amount of principal, interest, and late charges due is $7,695.98." The judgment also included court costs and attorney fees in the amount of $701, for a total judgment of $8,396.98. The judgment further stated DAN was entitled to receive postjudgment interest at the applicable contract rate of 21.50%.

DAN proceeded to collect its judgment by garnishing Brad and Peggy Turk's wages. On December 4, 2003, Brad's attorney wrote to DAN's legal counsel to convey his concern that, in collecting the judgment against the Turks, DAN was calculating interest on both the unpaid principal balance and on the past due interest. In other words, DAN was assessing postjudgment interest at the rate of 21.50% on the entire amount of the judgment of $8,396.98, rather

than assessing postjudgment interest on only the outstanding principal balance of $4,526.76. This amounted to charging "interest on interest" since the original judgment already included an assessment of prejudgment interest. DAN's legal counsel responded that the judgment was being collected legally and refused to recalculate the amount owed.

On July 6, 2004, Brad filed a motion to set aside the judgment, alleging lack of proper service. The hearing was originally scheduled for August 23, 2004, but the hearing was continued to a later date. However, the district court ordered that all collection efforts were to be suspended pending the hearing. Despite this order, Brad's employer, Cessna Aircraft Co., continued to withhold his wages, based upon a continuing garnishment order. DAN filed a release of garnishment on October 12, 2004, and subsequently refunded $794.22 to Brad. In the meantime, Brad filed a motion for recovery of money and sanctions, alleging DAN had continued to garnish his wages despite the court order and had charged interest on the interest portion of the original judgment in violation of the UCCC.

On November 8, 2004, a hearing was held. Brad and Peggy both appeared at the hearing and were represented by separate counsel. Brad withdrew his motion to set aside the default judgment. However, he continued to assert his motion for sanctions including attorney fees based upon the alleged UCCC violation. Peggy also asked the district court for the recovery of attorney fees. The district court took the matter under advisement.

The district court subsequently ruled that the original judgment did not separate the unpaid principal balance and the prejudgment interest, and that DAN had collected interest on interest in violation of the UCCC. The district court awarded Brad $8.05, representing the overgarnishment that DAN had collected and had not already refunded. The district court also awarded attorney fees in the amount of $1,133.76 to Brad and $150 to Peggy. DAN timely appeals.

On appeal, DAN advances several arguments that the district court erred in awarding attorney fees to the Turks. Most of DAN's arguments involve interpretation of statutes. Interpretation of a

statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

The issue of whether the district court has the authority to impose attorney fees under a particular statute is a question of law over which appellate review is plenary. See *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). Where the district court has authority to grant attorney fees, the amount of attorney fees to be awarded is reviewed under the abuse of discretion standard. *Davis v. Miller*, 269 Kan. 732, 750-51, 7 P.3d 1223 (2000).

First, DAN claims K.S.A. 16a-5-201(1) provides a 1-year statute of limitations for asserting a UCCC violation that does not involve an open end credit agreement. DAN argues the Turks' claim for recovery of attorney fees under the UCCC is barred by the statute of limitations. However, DAN did not raise a statute of limitations defense in district court. Generally, issues not raised before the district court cannot be raised on appeal. *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003).

The closest DAN came to raising a statute of limitations defense in district court was contained in its written opposition to Brad's motion for recovery of money and sanctions. DAN stated, "Since the alleged violation (which plaintiff does not admit, and strongly disputes) was merged with the judgment, even if the Court were now to conclude that it would have ruled differently, the time to challenge the judgment through appeal has long passed." However, this statement related to DAN's argument, to be discussed herein, that Brad failed to timely appeal the original judgment. This statement did not raise a statute of limitations defense to the alleged UCCC violation.

DAN also argues it was not required to raise a statute of limitations defense in district court because the alleged UCCC violation was asserted by Brad in the form of a *motion* for recovery of money and sanctions. According to DAN, the statute of limitations is an affirmative defense which must only be raised in response to a pleading such as a petition or counterclaim, not a motion. This

argument is without merit. An issue must be raised by a party in district court before it can be considered on appeal. DAN has failed to preserve the statute of limitations issue for appeal.

Next, DAN asserts Brad's claim for attorney fees was barred by the doctrine of acquiescence because Brad voluntarily agreed to payroll withholding from his employer to be credited towards the judgment. DAN raised this argument in its written opposition to Brad's motion to set aside the default judgment. Brad ultimately withdrew this motion, and DAN did not assert acquiescence in response to the motion for sanctions. Even if this issue was properly raised in district court, we conclude it has no merit.

A party acquiesces in the judgment when he or she voluntarily accepts the benefits or assumes the burdens of the judgment. *Varner v. Gulf Ins. Co.,* 254 Kan. 492, 494-95, 866 P.2d 1044 (1994). Although Brad was aware his wages were being garnished due to the judgment, he was not initially aware of the alleged UCCC violation. Once it was discovered DAN was assessing "interest on interest" on the judgment, Brad's attorney immediately took action to correct the calculations. Brad did not acquiesce in the UCCC violation.

Next, DAN argues the district court did not have jurisdiction to rule on the motion for sanctions because it was an improper collateral attack on a final judgment. DAN claims that if Brad disputed the amount due on the promissory note or the manner in which the judgment was calculated, Brad should have responded to the lawsuit or filed an appeal. However, as the district court noted, Brad was not in a position to file an appeal as the record supports his contention that he never received proper notice of the lawsuit. More importantly, Brad's motion for sanctions was not so much an attack on the judgment as it was an attack on DAN's *implementation* of the judgment. The language of the original journal entry of judgment did not specifically state how the interest should be calculated, it only indicated the interest would be assessed "at the applicable contract rate." Brad could not have discovered that DAN would be assessing interest on the prejudgment interest until after the time for appealing the judgment had expired. We con-

clude Brad's motion for sanctions did not constitute an improper collateral attack on a final judgment.

Turning to the substance of Brad's motion for sanctions, DAN asserts the district court was not authorized to award attorney fees for a UCCC violation because there is no provision in the UCCC which prohibits a judgment creditor from assessing "interest on interest." We disagree. The district court's award of attorney fees was based upon interpretation of three statutes. First, K.S.A. 16-205(b)(1) provides:

"Judgments upon interest-bearing contracts shall provide (i) the unpaid principal balance, (ii) the date to which interest is paid, (iii) the contract rate of interest and (iv) that the *unpaid principal balance* shall draw the contract rate of interest from the date to which interest is paid until payment in full." (Emphasis added.)

Pursuant to K.S.A. 16-205(b)(1), a judgment upon an interest-bearing contract or promissory note must provide the unpaid principal balance, the date to which interest has been paid, the contract rate of interest, and that the unpaid principal balance shall draw the contract rate of interest from the date to which interest has been paid until payment in full. Interest accrues at the contract rate both before and after the date of the judgment. The statute does not contemplate that a calculation of prejudgment interest be set forth in the journal entry of judgment. If a calculation of prejudgment interest is set forth in the journal entry, the judgment creditor must charge postjudgment interest only on the unpaid principal balance of the contract or note. Otherwise, the judgment creditor is collecting "interest on interest" in violation of K.S.A. 16-205(b)(1).

Here, DAN violated K.S.A. 16-205(b)(1) by calculating interest at the contract rate on the entire amount of the judgment. This allowed DAN to recover interest on both the unpaid principal balance and on the prejudgment interest. In other words, DAN charged "interest on interest" on its judgment against the Turks in violation of K.S.A. 16-205(b)(1).

Next, K.S.A. 2005 Supp. 16a-2-510(2) incorporates the provisions of K.S.A. 16-205(b)(1) into the UCCC. K.S.A. 2005 Supp. 16a-2-510(2) provides: "If the maturity [of a consumer credit trans-

action] is accelerated for any reason and judgment is obtained, the judgment shall be taken in accordance with the provisions of K.S.A. 16-205 . . . ." Thus, the district court was correct in determining DAN violated the UCCC by charging "interest on interest" on its judgment against the Turks.

Lastly, K.S.A. 16a-5-201(8) provides:

"In *an action* in which it is found that a creditor has violated any provision of K.S.A. 16a-1-101 through 16a-9-102, . . . the court *shall* award to the consumer the costs of the action and to the consumer's attorneys their reasonable fees. Reasonable attorney's fees shall be determined by the value of the time reasonably expended by the attorney and not by the amount of the recovery on behalf of the consumer." (Emphasis added.)

DAN argues the district court was not authorized to award the Turks attorney fees under this statute because Brad had filed a *motion* to request the fees, as opposed to filing a separate civil action. DAN provides no legal authority to support this argument, and we conclude the claim is without merit. Brad's motion for sanctions was filed under DAN's initial lawsuit to obtain judgment on the promissory note, and this constituted *an action* in which the district court ultimately found that DAN had violated the UCCC. Brad was not required to file a separate civil action, as DAN asserts, in order recover attorney fees for the alleged UCCC violation.

This brings us to the ultimate assessment of attorney fees by the district court. Pursuant to K.S.A. 16a-5-201(8), the district court *shall* award attorney fees where a UCCC violation is found.

"The statute is mandatory, and the awarding of attorney fees is not a matter within the court's discretion. [Citation omitted.] The amount of an attorney fee award, however, is within the sound discretion of the district court and will not be disturbed on appeal absent a showing that the district court abused that discretion. [Citation omitted.] Discretion is abused only where no reasonable person would take the trial court's view. [Citation omitted.]" *Johnson County Auto Credit, Inc. v. Green*, 277 Kan. 148, 160, 83 P.3d 152 (2004).

DAN argues the assessment of attorney fees was not an appropriate sanction in this case. DAN points out it attempted to stop garnishing Brad when it was ordered to do so, and it refunded to Brad the amount that was mistakenly garnished. However, these arguments are irrelevant. The district court did not assess attorney

fees because DAN overgarnished Brad. The district court awarded attorney fees because DAN charged interest on interest in violation of the UCCC, and assessment of attorney fees in this instance was mandatory under the statute.

Finally, DAN does not challenge the amount of attorney fees awarded. In any event, the attorneys for the Turks presented the district court with an accounting of their fees, and the district court found the fees reasonable. There was no abuse of discretion as to the amount of the attorney fees awarded by the district court.

Affirmed.