(177 P.3d 986)
No. 98,216

CITIFINANCIAL MORTGAGE COMPANY, INC., f/k/a/ ASSOCIATES HOME EQUITY SERVICES, INC., *Appellant*, v. JOHN T. CLARK, NOW DECEASED; WYOTA JOAN CLARK; and STATE OF KANSAS, DEPARTMENT OF REVENUE, *et al.*, *Appellees*.

Opinion filed February 29, 2008.

*Jeff A. VanZandt,* of VanZandt & Associates, Chtd., of Wichita, for appellant.

*Matthew H. Hoy,* of Stevens & Brand, LLP, of Lawrence, for appellee Lorin G. Brunsvold.

Before GREENE, P.J., MCANANY and BUSER, JJ.

GREENE, J.: Citifinancial Mortgage Company, Inc., appeals the district court's refusal to grant relief to it in confirmation proceedings after it failed to participate in a sheriff's sale of property subject to its first mortgage lien in excess of $70,000, resulting in an order confirming the sale to Lorin Gerald Brunsvold for his bid of $6,050. Citifinancial argues the district court failed to exercise its equity powers under K.S.A. 60-2415 as construed by controlling caselaw. We agree, vacate the confirmation order, and remand for further proceedings.

### Factual and Procedural Background

Citifinancial initiated this residential real estate foreclosure proceeding in December 2005 and received a judgment of foreclosure in April 2006 for $70,481.83 plus interest, including an order for sale at sheriff's auction. After notice as provided by law, the sale was held in May 2006, with Brunsvold the highest bidder at $6050. Due to a communications error between Citifinancial's counsel,

there was no appearance at the sale to protect Citifinancial's interest.

Brunsvold acquired an assignment of redemption rights from the mortgagor and filed a motion to confirm the sale. Citifinancial filed a motion to substitute bid and confirm sheriff's sale at upset price or in the alternative set aside the sale under K.S.A. 60-2415(b) due to a substantially inadequate bid.

After a bench trial, the district court concluded that 60-2415(b) equitable protections applied only for the benefit the mortgagor and that Citifinancial was not entitled to equity because of its failure to appear at the sale. The sheriff's sale was confirmed, and a motion for reconsideration was denied in January 2007. Citifinancial appeals.

### Standards of Review

Kansas appellate courts review the confirmation of a sheriff's sale for an abuse of discretion. See *Olathe Bank v. Mann*, 252 Kan. 351, 357, 845 P.2d 639 (1993). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused where no reasonable person would take the view adopted by the trial court. *Farm Credit Bank of Wichita v. Zerr*, 22 Kan. App. 2d 247, 255, 915 P.2d 137 (1996). The facts supporting the confirmation, however, must be supported by the record. See *Olathe Bank*, 252 Kan. at 357; *Zerr*, 22 Kan. App. 2d at 255.

A district court can abuse its discretion when its decision goes outside the legal framework or fails to properly consider statutory limitations or legal standards. *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006). Accordingly, an appellate court reviews whether the district court's discretion was guided by erroneous legal conclusions. *State v. Gary*, 282 Kan. 232, 236, 144 P.3d 634 (2006). Whether the district court made all the necessary findings before confirming the sheriff's sale is also a question of law. See *Gary*, 282 Kan. at 236; *Edgar*, 281 Kan. at 38; *Zerr*, 22 Kan. App. 2d at 255. Ultimately, the district court's decision whether to confirm the sheriff's sale is reviewed for an abuse of discretion so long as

the court applied the proper legal framework and made the necessary findings.

To the extent that the parties' arguments require the court to interpret K.S.A. 60-2415, this court has unlimited review. *LSF Franchise REO I v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 (2007) ("The interpretation of a statute is a question of law over which this court has unlimited review.").

### Did the District Court Abuse Its Discretion in Refusing to Exercise Its Equity Powers Under K.S.A. 60-2415?

K.S.A. 60-2415 governs the confirmation of a sheriff's sale and provides:

"(a) Certificate of purchase. The sheriff shall at once make a return of all sales made under this article to the court. All taxes due or delinquent shall be noted on the sheriff's return. *If the court finds the proceedings regular and in conformity with law and equity, it shall confirm the same*, direct the clerk to make such entry upon the journal and order the sheriff to make to the purchaser the certificate of sale or deed provided for in this article.

"(b) Equity powers of court. *The court may decline to confirm the sale where the bid is substantially inadequate*, or in ordering a sale or a resale, may, in its discretion, if conditions or circumstances warrant and after a proper hearing, fix a minimum or upset price at which the property must be bid in if the sale is to be confirmed; or the court may, upon application for the confirmation of the sale, if it has not theretofore fixed an upset price, conduct a hearing to establish the value of the property, and as a condition to confirmation require the fair value of the property be credited upon the judgment, interest, taxes and costs. A sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate." (Emphasis added.)

In refusing relief to Citifinancial, the district court explained its reasoning in a Memorandum Decision, which stated in material part:

"Having reviewed the authorities submitted by counsel, the Court finds that those authorities apply to instances where the mortgagor will suffer an inequity due to a bid that was substantially inadequate when compared to the fair market value of the property. In this case the mortgagors are in default, and assigned their redemption rights and do not seek to set aside the sale.

"Plaintiff seeks to invoke the equitable power of the Court to set aside the sale. It is found that the foreclosure was initiated by the plaintiff and that it was aware of each stage of the proceeding throughout the case and that in this instance equity should follow the law and not allow a remedy that is contrary to law.

"The Court further finds that the real estate was advertised and sold in conformity with law and that the purchaser thereof was a bonified [sic] purchaser for value and therefore is entitled to confirmation of sale."

At the outset, we acknowledge that K.S.A. 60-2415 gives the court discretion in determining whether to grant a resale, fix an upset price, or otherwise refuse to confirm the sale. See *Federal Land Bank of Wichita v. Cummings*, 12 Kan. App. 2d 134, 137, 735 P.2d 1110 (1987). Other more recent appellate caselaw, however, seems to guide the district court's discretion and to clarify the court's options.

In *Cimarron Feeders v. Bolle*, 28 Kan. App. 2d 439, 451, 17 P.3d 957, *rev. denied* 271 Kan. 1035 (2001), this court indicated that before confirming a sale, the court must hold a hearing and determine, even without an objection, that the bid is adequate. And in the *Olathe Bank* case, this court held that the district court has three options in a confirmation proceeding:

"(1) confirm the sale if the bid is substantially adequate; (2) order resale of the property if the bid is substantially inadequate; (3) give the creditor the option of either giving the debtor credit upon the judgment, interest, taxes, and costs for the value of the property; or reselling." *Olathe Bank*, 252 Kan. at 357 (citing with apparent approval *Cummings*, 12 Kan. App. 2d at 138).

In *Olathe Bank*, our Supreme Court also implied that the district court must determine the fairness of the price paid at a foreclosure sale. The court stated:

"The price paid for property at a foreclosure sale should reflect the intrinsic value of the property, taking into consideration all the circumstances affecting the underlying worth of the property at the time of the sale and should not be affected by the impact of the foreclosure proceedings on its value. Allowing a mortgagee bank to reduce the purchase price due to the inherent disabilities associated with a foreclosure sale allows the mortgagee the double recovery that K.S.A. 1991 Supp. 60-2415 was designed to prevent." 252 Kan. 351, Syl. ¶ 3.

### Are the Equitable Considerations Under K.S.A. 60-2415(b) Solely for the Benefit of the Mortgagor?

We reject the district court's apparent belief that the statute's equity powers should be invoked only to protect the mortgagor; clearly the legislature could have so limited the court's equity powers in the statute, but we discern no such language or intent within

the statute itself. The legislature is presumed to have expressed its intent through the language of the statutory scheme; when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007).

Although much if not all of the caselaw cited by Brunsvold to the contrary applies the statute in circumstances where the mortgagor's interest was at stake, this does not mean that the statute is strictly for the benefit of the mortgagor. Brunsvold has cited no authority wherein the appellate courts have exclusively examined the mortgagee's interests and held that these interests were not entitled to protection at confirmation. Moreover, we note that it is inherently in the mortgagor's interest for the sale price to be substantially adequate.

Finally, we believe that applying the statute for the protection of both the mortgagor and mortgagee is consistent with caselaw developed prior to the amendment of 60-2415. For example, in *Dewey v. Linscott*, 20 Kan. 684 (1878), the court set aside the sale of property where a bid of $50 had been made on real estate with a value of $600 to $1100. The court observed that both the mortgagee and mortgagor would be harmed by the grossly inadequate sale:

"Evidently a great hardship will inure to both [mortgagee and mortgagor] if this sale is permitted to stand. The [mortgagee's] mortgage is lost to him, and the [mortgagor's] debt not paid, while a stranger, for a mere song, obtains that which would have satisfied the mortgage, and paid the [mortgagee's] debt." 20 Kan. at 688.

Although this old case far predates the current version of 60-2415, express language in the original version of the statute we now know as 60-2415 embraced preexisting authority regarding equity powers in such circumstances, stating: "This act is intended as declaratory of the equity powers now existent in the courts . . . ." See L. 1933, ch. 218, sec. 1.

We conclude and hold that the equitable powers specified by K.S.A. 60-2415 are not solely to be invoked for the mortgagor, but

rather the statute must be construed more broadly to apply to all parties with interests in the confirmation proceeding.

### Should Citifinancial's Failure to Attend the Foreclosure Sale Bar Relief in Equity at the Confirmation Proceeding?

Clearly, the district court was troubled by Citifinancial's failure to appear at the foreclosure sale and protect its interests. It would appear the district court may have denied equitable relief to Citifinancial even if the court had more broadly construed K.S.A. 60-2415. We reject this analysis as contrary to the letter and spirit of the statute.

We acknowledge that although one who sleeps on his or her rights may lose them (see, *e.g.*, *Fidelity Bank v. King*, 281 Kan. 1278, 1286, 136 P.3d 465 [2006]), Citifinancial did not sleep on its rights at the confirmation proceeding. Even if it should have appeared and protected its interest at the sale itself, we view the confirmation proceeding as a separate step in the statutory scheme of foreclosure at which interested parties have rights and obligations distinguishable from those inuring as a part of other steps. Clearly, if Citifinancial had sought to have its intended bid recognized as though it had appeared and participated in the sale, the district court could have refused to grant this relief. Moreover, if Citifinancial had failed to participate both in the sale and the confirmation proceedings, the district court could have refused to grant any relief. See *Fidelity Bank*, 281 Kan. 1278. By its participation in the confirmation proceeding, however, Citifinancial was entitled to assert the rights implicitly recognized by the statutory scheme.

Brunsvold argues that for Citifinancial to have rights at confirmation after failing to attend the sale lends unpredictability if not chaos to the law of foreclosure in Kansas. He argues:

"Citifinancial's proposition would result in no requirement for mortgagees to attend sheriff's sales whatsoever and obviate the predictability and clarity desired in Kansas law. Instead, under Citifinancial's reasoning, a mortgagee may simply wait until the sheriff's sale is concluded to see if it is satisfied with the bid result; if not, the mortgagee could claim the bid is 'substantially inadequate' and bid in 'fair value' at a later date. Such a procedure would make sheriff's sales meaningless and overburden the courts with confirmation disputes."

We disagree. Allowing Citifinancial to fully participate in the confirmation proceeding despite its failure to appear at the sale will not encourage mortgagees to sit out foreclosure sales; we believe mortgagees will not be so inclined because they will stand the risk of a sale at less than their mortgage interest being confirmed if not "substantially inadequate." Moreover, they will not necessarily be entitled to a resale, but rather may face an upset price not consistent with their precise interests. Unquestionably, a mortgagee will always best protect its interests by participating in the sale itself.

We conclude and hold that Citifinancial was not barred from equitable relief at confirmation solely by reason of its failure to participate in the foreclosure sale.

### *Did Citifinancial Acquiesce in the Judgment by Its Failure to Stay Execution?*

Finally, Brunsvold argues that Citifinancial acquiesced in the judgment of the district court because it took no action to stay the execution of the judgment. He also states in his appellate brief that he has undertaken improvements to the real estate, paid real estate taxes, maintained insurance premiums for the real estate, and otherwise exercised ownership rights to the real estate since the sheriff's deed issued pursuant to the district court's order confirming sale.

Because acquiescence involves a question of the appellate court's jurisdiction, the matter raises a question of law subject to unlimited review. *Layne Christensen Co. v. Zurich Canada*, 30 Kan. App. 2d 128, 137, 38 P.3d 757 (2002).

A party acquiesces in the judgment when he or she voluntarily accepts the benefits or assumes the burdens of the judgment. *D.A.N. Joint Venture III v. Turk*, 36 Kan. App. 2d 353, 357, 138 P.3d 1253, *rev. denied* 282 Kan. 788 (2006). A party who voluntarily complies with a judgment cannot thereafter adopt an inconsistent position and appeal that judgment. *Layne Christensen Co. v. Zurich Canada*, 30 Kan. App. 2d 128, 137, 38 P.3d 757 (2002).

Here, Citifinancial simply took no action to stay execution of the judgment, such as posting a supersedeas bond under K.S.A. 60-2103(d). Our appellate courts have held that the mere failure to

stay execution of the judgment by filing a supersedeas bond does not constitute acquiescence. See *State v. Downey*, 198 Kan. 564, 426 P.2d 55 (1967); *Van Nguyen v. Ortiz*, No. 94,884, unpublished opinion filed March 23, 2007.

Brunsvold cites no specific benefits accepted or burdens assumed by Citifinancial that would serve as acquiescence, nor does he cite any authority for the proposition that acquiescence may be found solely by reason of failing to stay execution of a judgment.

We reject Brunsvold's assertion that Citifinancial has acquiesced to the judgment.

### Summary and Conclusion

We vacate the district court's order confirming the sale and remand with directions to consider invocation of equitable powers under K.S.A. 60-2415(b) on behalf of all the parties, including Citifinancial, and to otherwise follow the dictates and consider the equitable options specified by the statute.

Vacated and remanded with directions.

MCANANY, J., concurring in part, dissenting in part: I agree with the majority's conclusion that Citifinancial did not acquiesce in the judgment by its failure to stay execution. However, I would save for another day the issue of whether the equitable considerations described in K.S.A. 60-2415(b) are solely for the benefit of the mortgagor. First, I do not believe the district court determined that equitable relief was not available to mortgagees. Second, I believe that resolution of this issue is unnecessary since, contrary to the majority's view, I do not find that the district court abused its discretion in deciding that Citifinancial was not entitled to equitable relief under the particular facts presented.

With respect to the first point, Citifinancial moved to set aside the sheriff's sale. No case authority was cited in its motion and no supporting brief was filed. The matter was set for hearing on June 8, 2006. The record discloses no briefing of the issue in advance of that hearing. Further, we have no record of the proceedings on June 8, other than the court's later memorandum decision. In its

memorandum decision, the district court simply stated that the authorities cited by Citifinancial

"apply to instances where the mortgagor will suffer an inequity due to a bid that was substantially inadequate when compared to the fair market value of the property. In this case the mortgagors are in default, and assigned their redemption rights and do not seek to set aside the sale."

We do not know what specific cases Citifinancial cited to the court. However, the cases it has since cited do, in fact, involve instances in which the mortgagor complained of an adequate winning bid which, if confirmed, would result in a significant deficiency judgment against the mortgagor. See, for example, *Olathe Bank v. Mann*, 252 Kan. 351, 845 P.2d 639 (1993), in which the mortgagor, who was subject to a deficiency judgment of over $150,000, complained about the court using the anticipated holding costs between the date of the sheriff's sale and the winning bidder's future disposal of the property in measuring the fair value of the property at the time of the foreclosure sale.

To the contrary, in the case now before us the mortgagor expressed no complaints whatsoever about the sale. In fact, 4 days after the sheriff's sale she transferred her redemption rights to the buyer at the sale, thereby abandoning her right to retain the property free and clear of the now foreclosed mortgage by simply repaying the successful foreclosure sale bidder for his bid plus interest and costs. See K.S.A. 60-2414. Had the mortgagor complained about the sale, she would have been heard. Since she did not, the court was required to focus on the equities claimed by Citifinancial. I do not read the district court's memorandum decision as foreclosing Citifinancial from an argument based on equity. The fact that the district court considered and rejected Citifinancial's claim for equitable relief does not mean that the court did so merely because Citifinancial was the mortgagee. Accordingly, I would not address this unnecessary issue.

Second, it is apparent to me that the district court examined the equities of Citifinancial's position and simply chose not to exercise its discretionary equitable powers. The statute is clear. K.S.A. 60-2415(b) provides that the court *may* decline to confirm the sale

when the bid is substantially inadequate. Our legislature could have required the court to reject a sale based upon a substantially inadequate bid. It chose not to do so. Here, the court declined to exercise its discretionary power based upon the particular facts before it. Citifinancial initiated this foreclosure and was aware of each stage of the proceedings. It arranged for the sheriff's sale and issued the requisite notices. Its representative failed to appear at the sale. It planned to offer a bid which, if successful, still would have resulted in a significant deficiency judgment against the mortgagor. The failure to appear was attributed to a miscommunication between Citifinancial's attorneys. The court noted in the journal entry memorializing these proceedings that the sale had been conducted "in all respects according to law." In its memorandum decision, the court concluded that *"in this instance* equity should follow the law and not allow a remedy that is contrary to law." (Emphasis added.) I take from this remark that the district court did not consider it appropriate under the circumstances to exercise its equity powers.

I am not persuaded that the antique authorities cited by Citifinancial, when applied to the facts before us, demonstrate an abuse of discretion by the district court. Taken in chronological order, *Dewey v. Linscott*, 20 Kan. 684 (1878), involved a mortgagee whose agent failed to appear at a foreclosure sale to bid on the property. The agent was prevented from attending because he was required by a subpoena to attend a criminal trial in an adjoining county scheduled for the same time. The court noted that the inadequacy of the successful bid standing alone was insufficient to set aside the sale. Further, had the agent been negligent in failing to attend, intervention by the court would not be warranted. But since the agent's failure to appear was not of his own making and not due to the agent's negligence, the motion to confirm the sale should not have been granted. 20 Kan. at 689-90. This stands in contrast to the facts now before us, which involve conduct which the court would be warranted in characterizing as negligence for failing to appear at the sale.

In *Means v. Rosevear*, 42 Kan. 377, 22 Pac. 319 (1889), the mortgagee's agent intended to attend the foreclosure sale and enter

a bid which would fully satisfy the mortgagee's judgment against the mortgagor. However, the agent arrived at the sale 5 minutes late because the attorney for the ultimate purchaser at the sale misled him regarding the time of the sale. Clearly, equity should intervene in such a situation. But, here, Citifinancial was not misled about the time of the sale. It lacks this compelling argument for equity's intervention.

*Wolfert v. Milford Savings Bank*, 5 Kan. App. 222, 47 Pac. 175 (1896), is another case in which the mortgagee's agent failed to attend the foreclosure sale "without negligence on his part."

Finally, *Insurance Co. v. Stegink*, 106 Kan. 730, 189 Pac. 965 (1920), is another case in which the mortgagee intended to enter a bid at the foreclosure sale which would have completely satisfied the judgment against the mortgagor. The mortgagee's counsel sent to the clerk of the district court a proposed order setting the date of the foreclosure sale. The attorney did not receive from the clerk the notice of sale until the day after the sale had been conducted. Under the circumstances, the district court did not abuse its discretion in setting aside the sale. Here, there was no question that Citifinancial was aware of the date of the sale.

The district court found that the sale to Brunsvold had been properly conducted and chose not to exercise its equity power and set it aside. Equity aids the vigilant and not those who slumber on their rights. *Rex v. Warner*, 183 Kan. 763, 771-72, 332 P.2d 572 (1958). "Equity cannot be invoked to relieve one from the consequence of one's own negligence." *Bankers Trust Company v. United States of America*, 29 Kan. App. 2d, 215, Syl. ¶ 2, 25 P.3d 877 (2001).

Citifinancial was aware of its rights but failed to act upon them by attending the foreclosure sale. Under the circumstances, it is certainly possible that the district court could have excused Citifinancial's failure to appear. I do not think it would have abused its discretion in doing so *if* equitable relief is available to mortgagees (an issue I believe we need not reach). However, this abuse of discretion standard prevents me from criticizing the district court for not choosing this path.

I must dissent from the majority's conclusion that no reasonable person would agree with the district court that Citifinancial was not entitled to equitable relief under the circumstances. Accordingly, I would affirm.