NOT DESIGNATED FOR PUBLICATION

No. 117,774

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
*Appellee*,

v.

WILLIAM K. TAYLOR JR. (DECEASED),
*Defendants*,
and
JANET Y. TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed May 11, 2018. Reversed and remanded with directions.

*Janet Y. Taylor*, appellant pro se.

*Jennifer A. Donnelli*, of Bryan Cave LLP, of Kansas City, Missouri, for appellee.

Before ARNOLD-BURGER, C.J., GREEN, J., and HEBERT, S.J.

PER CURIAM: JPMorgan initiated foreclosure proceedings against Janet Y. Taylor and her deceased husband's estate. JPMorgan bought the property at the foreclosure auction and filed a motion with the court to confirm the sheriff's sale. The district court confirmed the sale that same day without notifying Janet of the order and without reviewing Janet's objections to the sale. Janet appeals to this court asserting that the district court abused its discretion when (1) the court violated her due process rights

1

under the 14th Amendment of the United States Constitution and (2) when the court denied her motion for relief from the order confirming the sheriff's sale.

FACTUAL AND PROCEDURAL HISTORY

In 2003, William K. Taylor Jr. and his wife, Janet, executed a mortgage from Chase Manhattan Mortgage Corporation agreeing to secure their property in exchange for a loan. JPMorgan Chase Bank (JPMorgan) later became the proper note and mortgage holder through a merger. William died in 2007, but Janet continued to make the mortgage payments until 2012, when Janet defaulted on the mortgage. JPMorgan initiated foreclosure proceedings against William's estate and Janet, at which point they still owed the principal amount of $22,122.88 on the loan. JPMorgan filed a motion for summary judgment and the district court granted it, entering a judgment in favor of JPMorgan for $22,122.88, plus additional taxes, interest, fees, and costs.

Janet filed a timely motion to amend the judgment, but the district court largely denied it. The court only amended the judgment to provide for a 12-month redemption period and to adjust the amount of principal paid prior to default. In 2015, Janet appealed the judgment to the Kansas Court of Appeals. That panel affirmed the summary judgment on the merits and upheld the denial of Janet's motion to amend the judgment in *JPMorgan Chase Bank v. Taylor*, No. 111,754, 2015 WL 4094278 (Kan. App. 2015) (unpublished opinion). The district court then issued an order of sale. A notice of sheriff's sale, setting the sale date as November 3, 2015, was sent to Janet and published in the local newspaper for three consecutive weeks.

At the sheriff's sale, JPMorgan bought the property for the full judgment amount of $42,839.31, which included accrued interest, costs, and taxes. Ten days later, JPMorgan filed a motion to confirm the sheriff's sale and sent a copy to Janet. On November 24, 2015, Janet filed a response in opposition to the motion to confirm the

2

sheriff's sale with a copy sent to JPMorgan, but neither the court nor JPMorgan ever responded. In her response she alleged that the property was worth at least $100,000 and by obtaining the property at the price it did, Janet alleged that the company was cheating her out of her equity. Instead, the district court ruled on the motion to confirm and issued an order confirming the sale the same day the motion was filed, stating it had heard "Plaintiff's evidence and being satisfied that the sale has in all respects been made in conformity with law and equity and the orders of this Court, and having heard all the evidence and statements of counsel, does approve and confirm the sale and each and all of the proceedings taken in connection therewith." The district court submitted a journal entry of judgment for the order confirming the sheriff's sale (Order), but it did not serve Janet with this Order.

Over a year later, Janet realized the district court had confirmed the sale and filed a motion for relief from that Order. In her motion, she again alleged that her property was valued at approximately $100,000 or more. She claimed that by approving a sale without listening to her objections and failing to receive any evidence of the fair market value of the property, JPMorgan was allowed to "steal the equity" in the property. The district court denied the motion after a hearing, but only a minute sheet was issued; that minute sheet did not include any findings of fact or conclusions of law. The district court's reporter confirmed that there is no indication that either the hearing related to issuance of the Order or the hearing on Janet's 2017 motion for relief from the sale were recorded. Janet appealed to this court.

ANALYSIS

Janet first asserts that she never signed the note or the mortgage and thus, JPMorgan has no standing to sue her and cannot obtain a personal judgment against her. But we need not address this because in her first appeal this court determined that JPMorgan had standing. *JPMorgan Chase Bank*, 2015 WL 4094278, at \*9.

3

The remainder of Janet's argument relates to the Order portion of the proceedings. Janet contends that the district court abused its discretion when it issued the Order without considering her objections, holding a hearing or viewing evidence, and without notifying her of the issuance of the Order. She asserts that the Order did not conform to law and equity because the price paid at the foreclosure sale did not reflect the intrinsic value of the property. Janet argues that the fair market value of the property ranges from $90,000 to $140,000, but because the property was sold for only $42,839.31, Janet believes she is entitled to a surplus of at least $68,000. Because of this, she contends that the Order is void.

JPMorgan counters that the district court had no choice but to confirm the sale because the winning bid was a full-debt bid. JPMorgan argues that, according to statute, the only time a court will criticize a winning foreclosure bid is if it is substantially inadequate. JPMorgan argues its bid was per se adequate because the statute requires that a sale for the full amount of the judgment, taxes, interest, and costs be deemed adequate.

To the extent Janet's and JPMorgan's arguments involve the interpretation of applicable statutes, this court's standard of review is de novo. See *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). Once the correct statutory interpretation is decided, this court's review of a district court's ruling confirming a sheriff's sale is reviewed under an abuse of discretion standard. *Citifinancial Mortgage Co. v. Clark*, 39 Kan. App. 2d 149, 151, 177 P.3d 986 (2008). So we will begin by an examination of the applicable statutes.

*We review the applicable foreclosure statutes.*

A district court shall confirm the sale of foreclosed property if the sale's proceedings are regular and in conformity with law and equity. K.S.A. 60-2415(a). "A sale for the full amount of the judgment, taxes, interest and costs shall be deemed

4

adequate." K.S.A. 60-2415(b). But a court may decline to confirm the sale if the bid is "substantially inadequate." K.S.A. 60-2415(b). The court may, upon application for an order confirming the sale, conduct a hearing to establish the value of the property. The court may place a condition on the confirmation that the fair value of the property be credited to the judgment. K.S.A. 60-2415(b). In other words, providing a surplus payment to the creditor if the value of the property is in excess of the sale amount or reducing any deficiency payment due from the creditor if the sale amount is less than the amount owed. The statute gives the district court broad discretion "in determining whether to grant a resale, fix an upset price, or otherwise refuse to confirm the sale." *Citifinancial Mortgage Co.*, 39 Kan. App. 2d at 153. "There is no absolute right to have a sheriff's sale confirmed, even if an adequate purchase price is obtained, if the sale is infected with a substantive or procedural irregularity. A violation of statutory notice and constitutional due process qualifies as such an irregularity, and the sale must be set aside and the error corrected." *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, Syl. ¶ 7, 136 P.3d 457 (2006).

After confirming the sale, the district court directs the clerk to make a journal entry of the confirmation order and orders the sheriff to issue a certificate of sale to the purchaser. K.S.A. 60-2415(a).

*Procedural due process is required throughout the foreclosure process.*

In this case, after the sheriff's sale was completed, JPMorgan filed a motion with the district court to confirm the sale. The reasons the sale should be confirmed were set out in the motion and the motion was properly mailed to Janet. See Supreme Court Rule 133(a) (2018 Kan. S. Ct. R. 199) (motions must state the reasons for the motion). Once a motion is filed, in order to comply with due process requirements regarding a meaningful opportunity to be heard, Supreme Court Rule 133(b) allows the adverse party to file a response to the motion within seven days. See *State v. Wilkinson*, 269 Kan. 603, 608, 9

P.3d 1 (2000) ("The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner.").

There is nothing in K.S.A. 60-2415 that requires the court to hold a hearing on the motion to confirm the sale. Supreme Court rules provide that "[a] party may request oral argument—either in the motion or in a response filed by the adverse party." Supreme Court Rule 133(c)(1) (2018 Kan. S. Ct. R. 199). But it goes on to state that if no party requests oral argument, the court has the option of setting the matter for a hearing or ruling on the motion immediately and communicating the ruling to the parties. Supreme Court Rule 133(c)(2). Even if a party requests oral argument, a court is not required to grant the request and may simply state "in the ruling or by separate communication that oral argument would not aid the court materially." Supreme Court Rule 133(c)(1) (2018 Kan. S. Ct. R. 199-200).

So clearly, a person that files a timely response objecting to a motion to confirm a sheriff's sale has the right to have that objection read and considered by the district court. Accordingly, any procedure adopted by a district court that allows for automatic approval of a sheriff's sale without at least waiting to see if someone files an objection is subject to a later ruling that it is void as a violation of due process.

*In this case, Janet did not file a timely objection to the motion to confirm sheriff's sale.*

Janet was served the motion by mail on November 13, 2015. She had seven days to respond, plus three days for mail service. K.S.A. 2017 Supp. 60-206 (a)(1), (d); Supreme Court Rule 133(b) (2018 Kan. S. Ct. R. 199). Accordingly, any response she would have to the motion needed to be filed by the close of business November 23, 2015. Janet did not file her response until November 24, 2015, so it was untimely. Therefore, even though the district court's order was premature, opening it up for a claim of violation of Janet's due process rights, we cannot find error in the district court's failure to

6

consider an untimely objection to confirmation of the sale. But that does not end our inquiry.

*Janet was entitled to be served a copy of the Order.*

Although the district court may rule on the motion immediately, it is required to "communicate the ruling to the parties." Supreme Court Rule 133(c)(2)(B) (2018 Kan. S. Ct. R. 200). In addition, in those cases in which the party is not present, the court must immediately serve notice on the absent party. Supreme Court Rule 134 (2018 Kan. S. Ct. R. 200) (court to immediately serve notice of the ruling on a motion if a party is not present). Because there was no hearing and Janet was not present to hear the ruling, the district court was required to notify Janet of the final ruling.

The district court ruled on the motion to confirm the sheriff's sale the same day it was filed, confirming the sale on November 13, 2015, at 5:22 p.m. There is nothing in the record to indicate the Order was ever served on Janet. She argues it was not, and JP Morgan does not dispute that fact.

After Janet's 12-month redemption period expired, and during the course of her personal bankruptcy proceeding, Janet became aware of the Order. At roughly the same time, JP Morgan was attempting to have the sheriff remove Janet from the home. Janet then filed a motion for relief from the Order again claiming—as she had before—that the sale was not equitable and she was due a surplus payment. Janet contends she is entitled to relief under K.S.A. 2017 Supp. 60-260(b)(4) and (6), which grant relief from a final judgment because that judgment is void or for any other reason that justifies relief.

Although a final judgment is not invalidated simply by the failure to notify a party of the decision, it is voidable and subject to attack. See K.S.A. 2017 Supp. 60-258 ("Failure of service of a copy of the judgment form does not affect the judgment's

7

validity."); *Daniels v. Chaffee*, 230 Kan. 32, 37, 630 P.2d 1090 (1981) ("[J]udgment, although valid, is voidable and subject to attack by post-trial motions as provided for in the code.").

While the district court may not have abused its discretion in confirming the sale—because it was presumptively appropriate under the statute and no timely objection was filed—the district court clearly violated Janet's statutory rights when it failed to provide her with a copy of the Order. That leads us to the next issue raised by Janet.

*Court error in denying her motion for relief from judgment.*

The time for filing posttrial motions begins to run when the court has complied with K.S.A. 2017 Supp. 60-258 (journal entry signed and filed with the court and notice sent to parties) and Supreme Court Rule 134 (notice of ruling sent to parties). See *Daniels*, 230 Kan. at 38. Because the district court never sent Janet notice of the judgment, it has yet to comply with K.S.A. 60-258 and therefore, Janet was still allowed to submit posttrial motions for relief from the judgment 15 months later. In other words, her motion to set aside the judgment was timely. She was entitled to a meaningful opportunity to be heard on her motion for relief from the judgment.

Janet did not request a hearing as part of her motion, although apparently one was set. At the hearing, the sole notation is a handwritten note stating that "Plaintiff fails to appear; defendant appears pro se; Motion denied." Janet contends that the district court erred in denying her motion for relief because the district court did not properly consider her motion and did not make an oral ruling on the record.

"We review the denial of a motion seeking relief from judgment under an abuse of discretion standard." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 937, 296 P.3d 1106 (2013). Judicial discretion is abused when the district court's

8

action is arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the district court. *Citifinancial Mortgage Co.*, 39 Kan. App. 2d at 151.

Supreme Court Rule 165 (2018 Kan. S. Ct. R. 215) imposes on the district court the primary duty to provide adequate findings of fact and conclusions of law on the record explaining the court's decision on contested matters. A party, however, must object to inadequate findings and conclusions to preserve an issue for appeal. Such objections necessarily give the district court an opportunity to correct any alleged inadequacies. See *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013).

When no objection is made to a district court's inadequate findings of fact or conclusions of law, an appellate court can presume the district court found all facts necessary to support its judgment. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015). Where, however, the record does not support such a presumption and the lack of specific findings precludes meaningful review, an appellate court can consider a remand. See *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012). Such is the case here. We are unable to determine whether the district court abused its discretion due to the minimal findings on the record. Accordingly, we are compelled to reverse the decision of the district court denying Janet's motion for relief from judgment and remand the matter to the district court to make clear findings of fact and conclusions of law. As was the case in *O'Brien*, it will be ripe for decision upon remand. "When that motion is heard and decided, the parties and the district judge will have the opportunity to ensure creation of a record adequate to support any future appropriate appellate review." 294 Kan. at 362.

Reversed and remanded with directions.